In the Matter of GOLDMAN, SACHS & Co., Petitioner, v PHILIP MICHAEL, as Commissioner of the Department of Finance of the City of New York, Respondent.

First Department, December 19, 1985

## APPEARANCES OF COUNSEL

*Henry Stow Lovejoy* of counsel *(M. Bernard Aidinoff* and *Karen L. Halby* with him on the brief; *Reboul, MacMurray, Hewitt, Maynard & Kristol* and *Sullivan & Cromwell,* attorneys), for petitioner.

*Anshel David* of counsel *(Glenn Newman* with him on the brief; *Frederick A. O. Schwarz, Jr., Corporation Counsel,* attorney), for respondent.

## OPINION OF THE COURT

Asch, J.

Petitioner Goldman, Sachs & Co. (Goldman-Sachs) seeks an order annulling respondent's final determination which assessed it $120,784.88 under the New York City real property transfer tax law (Administrative Code of City of New York, ch 46, tit II).

Petitioner is a limited partnership consisting, at the time of the transfer, of 63 partners and an unspecified number of limited partners. Under the terms of the partnership agreement, limited partners receive interest at a fixed rate, "whether or not earned," based upon their individual contributions. 85 Broad Street Realty Company (Realty) is a general partnership consisting of only the 63 Goldman-Sachs general partners. Each general partner holds the same percentage interest in each partnership.

On September 28, 1981, 85 Broad Street Associates (Associates), a partnership which is comprised of Realty and Goldman-Sachs, transferred the premises, as grantor, to Goldman-Sachs, as grantee, for a purchase price of approximately $36 million. The price included a $23.9 million mortgage. Goldman-Sachs filed a New York City real property transfer tax return in the amount of $120,784.88 to cover the transfer.

Thereafter, Goldman-Sachs sought a refund of the tax from the New York City Department of Finance. Relying upon New

York City Finance Administration Bulletin (vol. 2, No. 1, at 2 [Dec. 1970]), it argued that since each of the partners of 85 Broad Street Associates had exactly the same interest in 85 Broad Street after the transfer as before, there was no consideration paid for the transfer and accordingly no transfer tax due.

The Finance Department rejected the application for a refund. A hearing was held at the Department of Finance at which petitioner argued that the interest in the premises held by an individual general partner of Goldman-Sachs before and after the transfer was identical and for this reason the transfer should be considered either a transfer for no consideration or as a transfer between a mere agent, dummy or straw man and its principal, in which case there would be no tax owing.

The Referee, after the hearing, affirmed denial of the refund and the respondent thereafter denied petitioner's claim for such refund. We agree that this denial was based on substantial evidence and therefore confirm the determination.

As a general rule, the Administrative Code of the City of New York governing the real property transfer tax presumes that all deeds memorializing transfers are taxable (Administrative Code § II46-3.0). However, "a deed from a mere agent, dummy, straw man or conduit to his principal or a deed from the principal to his agent, dummy, straw man or conduit" is exempt from the tax (Administrative Code § II46-6.0 [b] [7]).

Thus, the Finance Department has stated that *"[c]onveyances by several existing partnerships to a new partnership to effect a consolidation, all the partnerships being owned equally by the same individuals,* are not subject to the transfer tax." (Finance Administration Bulletin, vol 3, No. 1, at 3 [Mar. 1972]).

Likewise, in March 1982, the Finance Department ruled: "[R]ealty is being conveyed from one partnership to another existing partnership (not created solely for the intended purpose of holding the property) composed of the same individuals having identical partnership interests. Since the members of Partnership X (Grantor) already hold similar partnership interests in Partnership Y (Grantee), and there is no change in the relative proportions of ownership, no consideration is involved and no transfer tax is due." (4 State Tax Rptr [CCH] ¶ 400-057.)

As noted above, however, when the grantor and grantee partnerships are not composed of the same individuals holding

identical interests, the transfer will not be exempt from taxation. Thus, Finance Administration Bulletin (vol. 2, No. 1, at 2 [Dec. 1970]), provided that *"[a] deed conveying real estate from one partnership to another partnership containing the same members,* but with different partnership interests, is subject to real property transfer tax."

Here, the grantor and grantee are two partnerships which consist of different partners who have different rights and liabilities in each partnership. Associates, the grantor, is a limited partnership, owned by Goldman-Sachs, as limited partner and Realty as general partner. Goldman-Sachs, the grantee, is a limited partnership consisting of 63 general partners and an unspecified number of limited partners. It has a .02% share in the net profits and losses of Associates. Realty, a general partnership consisting of the 63 Goldman-Sachs general partners, has a 99.98% interest in the net profits and losses of Associates.

Thus, the transfer increased the Goldman-Sachs limited partners' beneficial interest in the premises and concomitantly reduced the interest of the general partners. Before the conveyance, as partners of Realty and Goldman-Sachs, the general partners held more than 99.98% of the premises. The Goldman-Sachs limited partners held less than a .02% interest. However, after the conveyance, the general partners' share was reduced since the limited partnership of Goldman-Sachs now held 100% of the premises.

Petitioner contends that its limited partners did not share in the profits but, rather, received an agreed-upon return on their capital contributions, and therefore its limited partners had no interest in the property before or after the transfer. This dismissal of the interests of the limited partners of petitioner is contrary to both partnership law and the terms of Goldman-Sachs' own partnership agreement.

A general partner does not, by reason of that status, have a more direct ownership interest in specific partnership property than a limited partner. The partnership statute distinguishes general partners from limited partners only in insulating limited partners from partnership liabilities and barring limited partners from participating in the management of the partnership. *(See,* Partnership Law §§ 96, 98, 99; *Millard v Newmark & Co.,* 24 AD2d 333.)

Likewise, in the Goldman-Sachs partnership agreement, although limited partners were not assigned specific propor-

tions of the partnership profits, each limited partner had a right to receive quarterly payments equal to an agreed-upon percentage of each partner's capital contribution. The agreement expressly provided that such payments were to be made out of "profits or other compensation" received by the partnership.

Finally, petitioner has failed to demonstrate the characteristics of dummy, straw man or conduit entities recognized by the statute and the Finance Department in granting exemptions (Administrative Code § II46-6.0 [b] [7]).

The Finance Department has held a transfer to be exempt where there was prior agreement that the agent-entity would be created for a limited period and would serve a definite stated purpose and where the agent purchased the transferred property with funds provided by the principal. There is no evidence of an agreement limiting the life of Associates, as agent, for a special period. Nor was there an indication that Goldman-Sachs, as principal, was to acquire the Broad Street property after a stated period. The record is devoid of an express agency agreement and any evidence that Associates' profits were tendered to Goldman-Sachs, that Associates was controlled by Goldman-Sachs or that Associates' debts were incurred on Goldman-Sachs' credit. Thus, the determination by respondent that the transfer from Associates to Goldman-Sachs was not a transfer "from a mere agent, dummy, straw man or conduit to his principal" and therefore not exempt from the tax pursuant to Administrative Code § II46-6.0 (b) (7) was fully supported by the record.

Accordingly, upon the order of the Supreme Court, New York County (Kenneth Shorter, J.), entered July 10, 1984, transferring this CPLR article 78 proceeding to this court pursuant to CPLR 7804 (g), the final determination of respondent, dated January 17, 1983, denying petitioner Goldman, Sachs & Co.'s claim for a refund of the real property transfer tax, should be confirmed, the application by petitioner to annul denied and the petition dismissed, without costs.

SANDLER, J. P., FEIN, MILONAS and KASSAL, JJ., concur.

Determination of respondent dated January 17, 1983, unanimously confirmed, without costs and without disbursements.