In the Matter of HAROLD LEVINSKY et al., Individually and as Partners of 1122 Realty Co., et al., Appellants, v ROBERT KRAUT, as Commissioner of the Department of Finance of the City of New York, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Department of Finance of the City of New York which assessed a real property transfer tax deficiency against the petitioners, the appeal is from a judgment of the Supreme Court, Kings County (Scholnick, J.), dated December 10, 1984, which granted the respondent's motion to dismiss the proceeding.

Judgment affirmed, with costs.

Administrative Code of the City of New York § II46-7.0 provides that a determination of the director of finance is reviewable under CPLR article 78 if an application for review is made within four months after notice of the determination has been given. However, as a condition precedent to the application, the applicant must file an undertaking sufficient to cover the taxes, penalties, interest charges and costs which may accrue in the prosecution of the proceeding or must deposit the taxes, penalties and interest with the director of finance and also file an undertaking sufficient to cover costs. The petitioners commenced their review proceedings within four months after the assessment was affirmed by a Referee, but they failed to file an undertaking or deposit the taxes with the department of finance in the time prescribed. The petitioners' failure to perform this condition precedent "operates as a limitation upon the right to recover" *(see, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 264) and requires a dismissal of the petition. In this instance, CPLR 205 cannot be

employed to extend the time to comply because the four-month limit is an integral part of the right to review *(see, Copeland v Salomon,* 56 NY2d 222, 227; *Matter of Keep v City of Lockport,* 241 App Div 556, *affd* 266 NY 583).

Were we to reach the merits of the petition, we would agree with the decision of Special Term. The petitioners failed to demonstrate that they were entitled to an exclusion from the real property transfer tax *(see, Matter of Colt Indus. v New York City Dept. of Fin.,* 66 NY2d 466, 471). When the petitioners transferred their interests as tenants in common in the property in question to a newly created partnership formed for the purpose of holding the property, the petitioners received consideration in the form of an interest in that partnership which is taxable under the Administrative Code of the City of New York § II46-2.0 *(cf. Matter of Goldman, Sachs & Co. v Michael,* 113 AD2d 326). Gibbons, J. P., Weinstein, Lawrence and Eiber, JJ., concur.