■ In the Matter of ROBERT KAUFMAN, Petitioner, v ANTHONY E. SHORRIS, Respondent.—In this CPLR article 78 proceeding, transferred to this court by order of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered September 13, 1989, the respondent's determination, dated April 20, 1989, which assessed a real property transfer tax deficiency in the amount of $416,148 including interest, is unanimously confirmed, the petition denied and the proceeding dismissed, without costs.

Petitioner transferred his 50% leasehold interest as a tenant in common of real property located at 77 Water Street to 77 Water Street Associates, a newly formed partnership, in exchange for a 50% interest in the partnership. The balance was held by 77 Water Street Inc., which purchased the other 50% leasehold interest in the property held by Louis Feil as tenant in common to avoid a liquidation of his interest in the property. At the closing, Feil was credited with $27,400,769.95 for the leasehold transaction, for which he received cash and two promissory notes. The amount of the deferred payment carried a 9% interest rate payable in addition to the principal amount. Upon petitioner's and 77 Water Street Inc.'s transfer of their respective individual 50% interests in the leasehold to 77 Water Street Associates, the partnership became owner of 100% of the leasehold.

Nevertheless, petitioner proceeded to pay a real property transfer tax (RPTT) based solely upon the amount of his share of the preexisting and unpaid mortgage transferred to 77 Water Street Associates ($8,483,863.46) instead of the total consideration for the transfer based upon the purchase price

of Feil's interest ($27,400,769.95). Consequently, respondent issued a notice of deficiency based upon the higher figure.

Contrary to petitioner's contention, the transfer of his interest as tenant in common in the subject property to a newly created partnership for the purpose of holding the property resulted in the receipt of consideration in the form of an interest in that partnership which is subject to the RPTT *(Matter of Levinsky v Kraut,* 121 AD2d 723, 724). Moreover, the change of identity or form of ownership without a change in beneficial ownership does not entitle a party to an exclusion from the RPTT *(see, Matter of 123 W. 44th St. Assocs. v Grayson,* 151 AD2d 1051, *lv denied* 75 NY2d 701; *Matter of 450 Seventh Ave. Corp. v City of New York,* 116 AD2d 1042). Thus, respondent's determination, which is rational and reasonable, will not be disturbed *(see, Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459). Finally, petitioner has failed to overcome his burden of disproving the correctness of the tax assessment *(see, Matter of Liberman v Gallman,* 41 NY2d 774, 777). Concur—Rosenberger, J. P., Kassal, Ellerin, Smith and Rubin, JJ.