In the Matter of PAUL D. JAFFE et al., Petitioners, v TAX APPEALS TRIBUNAL et al., Respondents. [663 NYS2d 899] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which denied petitioners' applications for a refund of real property transfer gains tax paid under Tax Law article 31-B.

Petitioners, Paul D. Jaffe and Leon J. Greenspan, were limited partners in Gadlex Associates together with Herbert Kanarek and Joel Aurnou. Kanarek owned a 30% share and Aurnou owned a 15% share in the partnership. Gadlex's sole asset was an office building in the City of White Plains, Westchester County. Petitioners each owned a 27½% interest in the partnership. In 1990, petitioners began litigation which culminated in the termination of the partnership. Ultimately, the office building was distributed in kind to the partners according to their respective percentages, with the former limited partners owning the building as tenants in common. Kanarek and Aurnou then organized a new partnership, Post 180 Associates (hereinafter Post 180), which acquired the office building in February 1992. As part of the transfer, Kanarek and Aurnou conveyed their tenancy in common interests in the property (a total of 45% valued at $562,500) to Post 180 in exchange for a 45% interest in the Post 180 partnership. At the same time, petitioners sold their respective tenancy-in-common interests in the office building (55%) to Post 180 for $687,500 less certain adjustments.

Thereafter, papers relating to the real property transfer gains tax pursuant to Tax Law article 31-B (hereinafter the RPTGT) were filed by petitioners and their former partners with the Division of Taxation (hereinafter the Division) (*see,* Tax Law former § 1447).[1] In their papers, petitioners, *inter alia,* sought an exemption from the RPTGT on the ground that

---

1. Tax Law former article 31-B, entitled "Tax on Gains Derived From Certain Real Property Transfers" (Tax Law former §§ 1440—1449-c), was re-

the consideration they received was allegedly less than the $1 million threshold (*see*, Tax Law former §§ 1441, 1443 [1]). The Division denied petitioners' requested exemption and imposed the tax.[2] Petitioners paid the assessed tax and separately applied for a refund. Their refund claims were ultimately denied by respondent Tax Appeals Tribunal and this proceeding ensued.

We confirm. Under the statute in effect at the time of the transfer at issue herein, real property transfer gains taxes were due on a transfer of any interest in real property made for $1 million or more (Tax Law former §§ 1441, 1443 [1]). The State imposed a tax equal to 10% of the gain received on such transfers (Tax Law former § 1441). Gain was measured by subtracting the original purchase price of the property from the consideration received on the transfer (Tax Law former § 1440 [3]). If the consideration received on the transfer was less than $1 million, the transfer was exempt from gains tax (Tax Law former § 1443 [1]). Significantly, under 20 NYCRR 590.44 (d), when several transferors owning one parcel of land as tenants in common transfer it to one transferee the consideration paid to each transferor is aggregated with the consideration paid to the other transferors in determining whether the consideration was for $1 million or more (*see*, 20 NYCRR 590.44 [d]).

Here, petitioners concede that the aggregation rule applied to the subject transfer, but maintain that Kanarek and Aurnou did not receive "consideration" for their interests which could logically be aggregated with the $687,500 they received since Kanarek and Aurnou only received a certificate in a limited partnership that had no assets at that time in exchange for the conveyance of their tenancy-in-common interests. We disagree. "Consideration" was defined in Tax Law former § 1440 (1) (a) as: "the price paid or required to be paid for real property or any interest therein * * *. Consideration includes any price paid or required to be paid, whether expressed in a deed and whether paid or required to be paid by money, property, *or any other thing of value*" (emphasis supplied).

Kanarek and Aurnou traded their interest as tenants in common for an interest in a partnership holding the same prop-

pealed effective July 13, 1996 (L 1996, ch 309, § 469 [6] [a]). Therefore, at the time of the transfer at issue in this case the statute remained applicable.

**2.** The tax was computed by the Division as follows: $687,500 (consideration petitioners received) - $284,249.71 (original purchase price of $516,817.65 x the 55% tenancy-in-common interest of petitioners) = $403,250.29 (gain subject to tax) x 10% (gains tax), for a tax of $40,325.03.

erty. When petitioners transferred their interests as tenants in common in the property in question to a newly created partnership formed for the purpose of holding the property, they received taxable consideration in the form of an interest in that partnership (*see, Matter of Levinsky v Kraut*, 121 AD2d 723, 724; *see generally, Matter of Cheltoncort Co. v Tax Appeals Tribunal*, 185 AD2d 49). Clearly, at the time of the transfer, a 45% interest in the partnership had at least the same value as a 45% interest in the property. Since a 55% interest in that same property at the same time was valued at $687,500, the amount paid to petitioners, the total value of the property was rationally found to be $1,250,000, which would make the value of a 45% interest equal to $562,500. Thus, the transfer was not exempt from taxation as a transfer for under $1 million since the consideration paid to all four tenants in common for the transfer of the fee exceeded that amount (*see*, 20 NYCRR 590.44 [d]).

We similarly reject petitioners' claim that because Kanarek and Aurnou's transfer of their tenancy-in-common interests qualified for the mere change of identity or form of ownership exemption (*see*, Tax Law former § 1443 [5]; 20 NYCRR 590.51 [c]), it would be incorrect to conclude that they received "consideration" for the transfer that could be aggregated. According to 20 NYCRR 590.51 (c), the $1 million threshold is applied first and, if that threshold is met, only *then* is the mere change exemption applied (*see*, 20 NYCRR 590.44 [d]; 590.51 [c]), a procedure that was appropriately followed in this case. As pointed out by the Tribunal, "[i]f, as petitioners assert, a transfer which results in a mere change in identity is a transfer that lacks consideration, there would be no need [for a formal exemption] * * * because that transfer would not be subject to taxation [in the first instance]".

Mercure, Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

