■ In the Matter of TOP TILE BUILDING SUPPLY CORP. et al., Appellants, v NEW YORK STATE TAX COMMISSION et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Cobb, J.), entered September 20, 1982 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Tax Commission which upheld in part and modified in part notices of determination of additional sales and use taxes due. Following a formal hearing, respondents modified in part (in petitioners' favor) notices of determinations and demands for payment of sales and use taxes due, and as modified, denied applications for revisions. Respondents' determination was made October 23, 1981 and, as appears from an affidavit in the record, the determination was served upon petitioners by certified mail sent the same day. These proceedings were commenced by service of a notice of petition and verified petition on February 26, 1982. Petitioners did not deposit the tax, penalty and interest due nor did they file an undertaking (Tax Law, § 1138, subd [a], par [4]). Special Term held that these omissions deprived the court of jurisdiction and dismissed the petition without reaching the issue of the timeliness of the proceeding. Initially, we note that Special Term failed to address itself to those aspects of the petition which first attacked the constitutionality of section 1138 (subd [a], par [4]) of the Tax Law and, in the amended petition, alleged violation of due process in the manner respondents construed the statute. The court limited its decision to finding that failure to pay the tax at issue or post an undertaking deprived the court of jurisdiction. While an article 78 proceeding is generally the proper vehicle to determine whether a statute, ordinance or regulation has been applied in an unconstitutional manner (*Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449, 458), the rule is different when the issue is the constitutionality of the legislative action (*Matter of Kovarsky v Housing & Dev. Admin. of City of N. Y.,* 31 NY2d 184, 191). It has consistently been held that a proceeding under article 78 is not the proper vehicle to test the constitutionality of legislative enactments (*Press v County of Monroe,* 50 NY2d 695, 702). However, this court may, and, in reliance on CPLR 103 (subd [c]), does hereby remedy the procedural infirmity by converting the article 78 proceeding to a declaratory judgment action and thereupon reach the merits (*Matter of Ames Volkswagen v State Tax Comm.,* 47 NY2d 345). In our analysis, we find that this court has held that payment of the tax imposed and the filing of an undertaking are conditions precedent to the maintenance of judicial review of Tax Commission determinations and that noncompliance deprives the court of jurisdiction (*Matter of Penney Co. v New York State Tax Comm.,* 86 AD2d 705, mot for lv to app den 56 NY2d 507; *Matter of Cooper v Tully,* 79 AD2d 757). Petitioners, in attempting to distinguish these two cases, contend that no constitutional issue appears to have been raised properly in either case. However, in *Matter of O'Driscoll v State Tax Comm.* (Supreme Ct., Albany County, Oct. 28, 1980, Klein, J., affd 86 AD2d 721, app dsmd 56 NY2d 644), the constitutionality of the statute was squarely before the court and was upheld (see *Matter of Western Elec. Co. v Taylor,* 276 NY 309; *Matter of Hochman v State Tax Comm.,* 68 Misc 2d 781). Since it is conceded that petitioner has failed to comply with statutory requirements, there can be no

judicial review. Petitioner's remaining arguments directed to the validity of the assessment, the hearing, the determination itself, and the timeliness of these proceedings, need not be reached. Judgment modified, on the law, by adding thereto a provision declaring that the deposit and undertaking requirements of section 1138 (subd [a], par [4]) of the Tax Law are constitutional, and, as so modified, affirmed, with costs to respondents. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.