■ In the Matter of R & G OUTFITTERS, INC., et al., Respondents-Appellants, v ROBERT W. BOUCHARD, as President of the State Tax Commission, et al., Appellants-Respondents. — Cross appeals, by permission, from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered September 23, 1983 in Albany County, which, in a proceeding pursuant to CPLR article 78, *inter alia,* conditionally granted respondents' motion to dismiss the petition for failure to post an undertaking, as required by section 1138 (subd [a], par [4]) of the Tax Law, unless petitioners filed an undertaking in an amount equal to the net value of the estate of Bernard Rosenthal, plus $1,000. ¶ Petitioners brought this CPLR article 78 proceeding for the review of respondents' determination that they owed sales and use taxes, plus interest and penalties, in an amount in excess of $44,400. Respondents moved to dismiss the petition on the ground that petitioners had failed to either deposit the amount of the tax, penalty and interest due or file an undertaking as required by section 1138 (subd [a], par [4]) of the Tax Law as a prerequisite to article 78 review. Special Term, having determined that petitioners were financially unable to make the required prepayment, conditionally granted the motion to dismiss unless petitioners deposited with the Tax Commission an amount equal to the net value of the estate of Bernard Rosenthal, a petitioner herein, plus $1,000. This sum would presumably be less than that mandated by the provisions of section 1138 (subd [a], par [4]) of the Tax Law. Both sides have appealed from this order. ¶ On this

appeal, petitioners argue that the requirement of section 1138 (subd [a], par [4]) for advance payment of the amount due in taxes, penalties and interest before article 78 review will be granted is unconstitutional. They allege that they are financially unable to make such payments and so they cannot afford an article 78 review of respondents' tax assessment. They conclude that their rights to due process and equal protection of the law have been violated. Respondents counter that the prepayment requirement of section 1138 (subd [a], par [4]) is constitutional and that the statute does not provide for a reduction in the amount to be deposited thereunder at the discretion of the court, as Special Term ordered here. They contend that the petition should have been unconditionally dismissed due to petitioners' failure to satisfy the prepayment requirement. We concur with the latter view. ¶ Initially, it should be noted that an article 78 proceeding is the proper method for the determination of whether a statute in a specific instance has been applied in an unconstitutional manner. It is not the proper vehicle to test the general constitutionality of legislative enactments, as petitioners are attempting to do here (see *Matter of Top Tile Bldg. Supply Corp. v New York State Tax Comm.,* 94 AD2d 885, app dsmd 60 NY2d 653). However, this court may determine the issue of the statute's constitutionality by converting this article 78 proceeding to a declaratory judgment action (CPLR 103, subd [c]; *Matter of Ames Volkswagen v State Tax Comm.,* 47 NY2d 345, 348). In so doing, we hold that the prepayment requirement of section 1138 (subd [a], par [4]) is constitutional. The Supreme Court has ruled that the principle of "pay first and litigate later" is constitutionally permissible as a precondition to the review of the determinations of taxing authorities (see *Flora v United States,* 357 US 63). It has also ratified such prepayments in the instance of certain court filing fees which must be paid in advance of other types of judicial review, even by indigent parties (see *Ortwein v Schwab,* 410 US 656 [upholding appellate court filing fees]; *United States v Kras,* 409 US 434 [upholding bankruptcy court filing fees]). ¶ More specifically, this court very recently upheld the constitutionality of the prepayment requirement of section 1138 (subd [a], par [4]) of the Tax Law (*Matter of Top Tile Bldg. Supply Corp. v New York State Tax Comm., supra*). Having found the prepayment requirement of section 1138 of the Tax Law to be constitutional, we further note that it has consistently been held that the failure to prepay the taxes in dispute and to file the required undertaking pursuant to section 1138 (subd [a], par [4]) works to deprive the court of jurisdiction of the proceeding (*Matter of Top Tile Bldg. Supply Corp. v New York State Tax Comm., supra; Matter of Penney Co. v New York State Tax Comm.,* 86 AD2d 705, 706, mot for lv to app den 56 NY2d 507). Since it is undisputed that petitioners here have failed to comply with the prepayment requirements of section 1138, Special Term did not have jurisdiction of this matter and it erred in conditionally denying respondents' motion to dismiss. There is no provision in section 1138 for a case-by-case review of the petitioner's ability to make the required prepayment and to reduce the amount due accordingly. The petition should have been unconditionally dismissed for petitioners' failure to file the full amount of the deposit and undertaking required by section 1138 (subd [a], par [4]). ¶ Order modified, on the law, without costs, by deleting therefrom all of the decretal provisions except that which dismissed the petition and adding a provision declaring that the deposit and undertaking requirements of section 1138 (subd [a], par [4]) of the Tax Law are constitutional, and, as so modified, affirmed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.