■ In the Matter of JOHN J. MASSA, Appellant, v NEW YORK STATE TAX COMMISSION, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Klein, J.), entered August 26, 1983 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for lack of jurisdiction. ¶ On December 24, 1982, respondent rendered a decision on petitioner's appeal from three notices of determination and demand for payment of sales and use taxes. On April 19, 1983, petitioner instituted this CPLR article 78 proceeding to review respondent's determination. Respondent then moved to dismiss the petition, alleging that Supreme Court did not have jurisdiction because petitioner had failed to comply with the requirements of section 1138 (subd [a], par [4]) of the Tax Law. That statute requires any individual challenging a sales and use tax assessment in a CPLR article 78 proceeding to first file an undertaking, for the amount of tax assessed, with respondent. Special Term, holding that the undertaking requirement was jurisdictional and could not be waived by the courts, granted the motion to dismiss. This appeal by petitioner ensued. ¶ Petitioner contends that Special Term erred when it dismissed the petition and ruled that his failure to file an undertaking deprived the court of jurisdiction. This contention must be rejected, as it is well settled that the requirement of an undertaking prior to judicial review is a "strict condition precedent" to a CPLR article 78 proceeding (*Matter of Parsons v State Tax Comm.,* 34 NY2d 190, 197). Indeed, even a nonadvertent delay in the filing of the undertaking is fatal to Special Term's jurisdiction (see *Matter of Penney Co.*

*v New York State Tax Comm.,* 86 AD2d 705, mot for lv to app den 56 NY2d 507; cf. *Matter of Cooper v Tully,* 79 AD2d 757). ¶ Petitioner, however, contends that the undertaking requirement is not applicable to him as a "poor person" unable to file the sum of the assessment. Initially, it should be noted that petitioner has not been adjudicated a "poor person" and has offered no evidence to indicate his financial status. Moreover, in a recent decision upholding the constitutionality of the prepayment requirement of section 1138 (subd [a], par [4]) of the Tax Law, this court opined that "[t]here is no provision in section 1138 for a case-by-case review of the petitioner's ability to make the required prepayment" (*Matter of R & G Outfitters v Bouchard,* 101 AD2d 642, 643; see, also, *Matter of Top Tile Bldg. Supply Corp. v New York State Tax Comm.,* 94 AD2d 885, app dsmd 60 NY2d 653, app dsmd __ US __, 104 S Ct 1582). Since it is undisputed that petitioner failed to comply with the prepayment requirements of section 1138, Special Term did not have jurisdiction of the proceeding and correctly dismissed it. The judgment appealed from should, therefore, be affirmed. ¶ Although not necessary to resolution of this appeal, we note that petitioner was properly held personally liable for the tax assessments of Professional Acoustics, Ltd. since he served as president of that corporation (see Tax Law, § 1131, subd [1]; § 1133, subd [a]; *Gage v State Tax Comm.,* 73 AD2d 635, 636-637). ¶ Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.