■ In the Matter of MORANIA OIL TANKER CORPORATION, Appellant, v STATE TAX COMMISSION, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Cobb, J.), entered January 17, 1984 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition on the ground that it was untimely commenced. ¶ The petition initiating this proceeding alleges a cause of action (1) for a judgment pursuant to CPLR article 78 to review a determination of respondent which sustained an assessment of sales and use taxes in the amount of $98,824.89, plus interest, and (2) for a declaratory judgment declaring that the application of regulation 20 NYCRR 528.9 (a) (4) to petitioner's situation is unconstitutional. Special Term dismissed both actions as being untimely commenced. This appeal by petitioner ensued. ¶ Respondent's determination which sustained an assessment of sales and use tax was issued on April 1, 1983. Since the notice of petition and petition were served on August 11, 1983, the proceeding was not commenced within four months of the date of the determination as required by CPLR 217 and section 1138 (subd [a], par [4] of the Tax Law. Accordingly, the cause of action seeking CPLR article 78 review of respondent's determination was correctly dismissed by Special Term as being untimely. ¶ With respect to the question of timeliness of petitioner's second cause of action, seeking a declaration that 20 NYCRR 528.9 (a) (4) is unconstitutional, a reading of the petition leaves no doubt that petitioner's challenge is to the constitutionality of regulation 20 NYCRR 528.9 (a) (4) as applied to petitioner's interstate fleet operation. The wherefore clause of the

---

[*] The purchase price of an annuity with these terms would be $26,000.

petition requested, in the alternative, "2 * * * a declaratory judgment declaring that Regulation 20 NYCRR 528.9 (a) (4), *as applied to Petitioner* for the audit period in question, is unconstitutional, illegal null and void" (emphasis added). Since the essence of petitioner's challenge is to respondent's administrative determination in assessing additional sales tax, relief, if justified, is obtainable in a CPLR article 78 proceeding (*Matter of R & G Outfitters v Bouchard,* 101 AD2d 642; *Matter of Top Tile Bldg. Supply Corp. v New York State Tax Comm.,* 94 AD2d 885, app dsmd 60 NY2d 653, app dsmd __ US __, 52 USLW 3679). No basis exists, therefore, for this court to convert, pursuant to CPLR 103 (subd [c]), this CPLR article 78 proceeding to a declaratory judgment action.[*]

¶ Lastly, dismissal of the entire petition is warranted by petitioner's failure to pay the tax and interest due, or to file a bond prior to the commencement of this proceeding. Section 1138 (subd [a], par [4]) of the Tax Law specifically provides that a proceeding to review a sales tax assessment "shall not be instituted" unless the tax plus interest due is paid to respondent or an undertaking sufficient in amount to cover such tax is filed. This requirement is a condition precedent to an action to review a determination of respondent (*Matter of Top Tile Bldg. Supply Corp. v New York State Tax Comm., supra,* p 885). Further, this jurisdictional defect is not correctible within the proceeding *nunc pro tunc* (*Matter of Penney Co. v New York State Tax Comm.,* 86 AD2d 705, 706, mot for lv to app den 56 NY2d 507). ¶ Judgment affirmed, with costs. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Harvey, JJ., concur.

[*] If petitioner's second cause of action was to be treated as a declaratory judgment action, such a conversion would be required since only a petition instituting a CPLR article 78 proceeding was served upon respondent; a separate action for a declaratory judgment was not commenced.