██ In the Matter of PNS AGENCY, INC., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Mahoney, P. J.

PNS Agency, Inc. (hereinafter PNS) owns and operates an agency which provides exotic dancers to various clubs in the New York City area. After a hearing, an administrative law judge sustained a determination of the Commissioner of Labor that the dancers were employees rather than independent contractors and assessed PNS the sum of $139,781.36 for the applicable audit period. This decision was affirmed by the Unemployment Insurance Appeal Board. Upon application by PNS, the Board reopened the matter and, ultimately, adhered to its prior decision. PNS has appealed, but has failed to file an undertaking as provided for in Labor Law § 625.

Labor Law § 625 provides: "No appeal shall be taken by an employer from a decision of the appeal board determining a sum to be due from such employer unless the amount involved, with interest and penalties thereon, if any, shall be first deposited with the commissioner and an undertaking filed with the commissioner, in such amount and with such sureties as a justice of the supreme court shall approve, to the effect that the employer will pay all costs and charges which may be adjudged against him in the prosecution of such appeal. At the option of the employer, such undertaking may be in a sum sufficient to cover the said amount, interest, penalties, costs, and charges as aforesaid, in which event the employer shall not be required to deposit such amount, with the interest and penalties, as a condition precedent to the taking of an appeal." PNS takes the position that this provision is inapplicable to the facts herein since it is not an "employer". This assertion is based on the fact that PNS has steadfastly maintained that the dancers are independent contractors and not employees. This argument ignores the fact that the Commissioner found that PNS is an employer, a finding affirmed by both an administrative law judge and the Board. Under PNS's theory, any party who unsuccessfully sought to prove an independent contractor relationship rather than an employment relationship would automatically be exempt from Labor Law § 625. Such an interpretation would obviously defeat the purpose of the statute.

PNS also argues that the statute is inapplicable because it is not appealing from the assessment of contributions, but, rather from the decision that the dancers are employees. This argument is likewise illusory. The assessment of contributions flowed from the finding that the dancers are employees. The basis of this latter finding is determinative of the issue of whether contributions could be assessed. Thus, the decision appealed from does fall within the scope of Labor Law § 625.

Since compliance with Labor Law § 625 is a condition precedent to an appeal, the failure of PNS to do so mandates dismissal of the appeal.

Appeal dismissed, with costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.