■ M & R RUBBISH REMOVAL, INC., et al., Plaintiffs, v SALVATORE SPATERELLA et al., Defendants-Respondents. (And Another Title.) LUDWIG J. ABRUZZO, Respondent; NEW YORK STATE TAX COMMISSION, Appellant.—In a receivership proceeding for an order directing an escrow agent how to proceed with the payment of certain sales and withholding taxes due or alleged to be due to the State of New York, the New York State Tax Commission appeals from an order of the Supreme Court, Suffolk County (Brucia, J.), dated October 26, 1983, which, *inter alia,* (1) directed it to hold a hearing on the issue of withholding taxes due, and (2) denied the State's cross motion for an order (a) fixing the sales tax due from the escrow agent at $12,040.56 with interest on $5,684.34 at 13 ½% per annum from January 1983, (b) fixing the amount of withholding taxes due from the escrow agent at $12,174.68 with interest on $5,973.79 at 13 ½% per annum from January 1983, and (c) vacating an interim order of the same court (Bracken, J.), dated October 31, 1980, insofar as that order directed the New York State Tax Commission to hold hearings with respect to the withholding tax issue.

Order affirmed, with one bill of costs.

Special Term's order did not, as appellant contends, either involve the review of a determination of the New York State Tax Commission, to which courts "regularly defer" (*Matter of Golden v State Tax Commn.,* 90 AD2d 941), or noncompliance with a condition precedent for judicial review which would have deprived the court of jurisdiction (*see, e.g., Matter of Penney Co. v New York State Tax Commn.,* 86 AD2d 705, 706, *lv denied* 56 NY2d 507). Rather, the court required appellant, as a creditor, to prove its claim before it was allowed (Business Corporation Law § 1210 [b]). As such, it acted entirely within the broad range of jurisdiction ascribed to the Supreme Court (*Lacks v Lacks,* 41 NY2d 71, 75, *rearg denied* 41 NY2d 862).

We have reviewed appellant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Weinstein and Kunzeman, JJ., concur.