Alexander, J.
(dissenting). In my view, the majority’s holding that CPLR 205 (a) affords petitioners six additional months in which to deposit the amount of a disputed tax or an undertaking in such amount, notwithstanding the contrary provision of section II46-7.0 of the Administrative Code of the City of New York (now § 11-2107), which imposes as a strict condition precedent to judicial review the requirement of depositing the tax or undertaking within four months of receiving notice of the determination of liability, undermines the carefully constructed scheme of the city’s real estate transfer tax law and eviscerates the long-recognized public policy of securing the prompt payment of taxes. I therefore respectfully dissent.
It is a long-accepted premise that a taxpayer challenging an assessment against him may do so only after he has first paid the tax, and we have repeatedly recognized the propriety, indeed necessity, of conditioning the right to judicial review of a determination of tax liability on prepayment of the disputed tax (Matter of Sterling Estates v Board of Assessors, 66 NY2d 122, 125; Grant Co. v Srogi, 52 NY2d 496, 516; Press v County of Monroe, 50 NY2d 695, 704; Harcel Liqs. v Evsam Parking, 48 NY2d 503, 507; Matter of Parsons v State Tax Commn., 34 NY2d 190, 197; see also, Flora v United States, 357 US 63; Dodge v Osborn, 240 US 118; Bull v United States, 295 US 247; see generally, 58 NY Jur, Taxation, § 73). This "pay first, litigate later” condition precedent is soundly predicated upon the axiom that governments need funds to function. The very functioning of government relies on the timely collection of taxes, and just as impermissible "[restraints on the exercise of the taxing power * * * impede the progress of government and deprive it of the moneys it needs to provide essential services to the public” (Grant Co. v Srogi, 52 NY2d, at 516), so does enabling extended delay in the collection of taxes.
As authorized by Tax Law § 1243 (a),[1] the City has expressly and unequivocally established the exclusive procedure for obtaining judicial review of determinations of tax liability assessed under Administrative Code, chapter 46, title II (real property transfer tax [now ch 21]) and has provided in section *938 II46-7.0, as here pertinent, that "the determination of the director of finance shall be reviewable * * * by a proceeding under article seventy-eight of the civil practice law and rules if application therefor is made to the supreme court within four months after the giving of the notice of such determination [and that such a proceeding] shall not be instituted unless: (a) the amount of any tax sought to be reviewed, with penalties and interest thereon, if any, shall be first deposited with the director of finance * * * or (b) at the option of the applicant [an] undertaking filed with the director of finance * * * in a sum sufficient to cover the taxes, penalties and interest thereon * * * in which event the applicant shall not be required to deposit such taxes, penalties and interest as a condition precedent to the application” (emphasis supplied).[2]
Significantly, language identical to that found in section II46-7.0 (see, Tax Law § 1138) has been construed consistently as a strict condition precedent to judicial review (see, M&R Rubbish Removal v Spaterella, 112 AD2d 202; Matter of Morania Oil Tanker Corp. v State Tax Commn., 103 AD2d 965, 966; Matter of Massa v State Tax Commn., 102 AD2d 968; Matter of Top Tile Bldg. Supply Corp. v State Tax Commn., 94 AD2d 885, appeal dismissed 60 NY2d 653; Matter of Penney Co. v State Tax Commn., 86 AD2d 705 [noncompliance with the prepayment condition precedent is not correctable nunc pro tunc], lv denied 56 NY2d 507; cf., Matter of Day Surgicals v State Tax Commn., 97 AD2d 865). Manifestly, the timeliness of prepayment of the tax or undertaking is the operative concern in defining the requirement as a condition precedent. By expressly mandating that a review proceeding must be instituted within four months of notice of the determination and may not be instituted unless the tax or undertaking is deposited first, and by describing this requirement explicitly as a "condition precedent”, section II46-7.0 evinces the clear intent of the City Council, and the State Legislature (see, Tax Law § 1243 [a]), that taxpayers disputing the validity of assessments against them must post the tax or undertaking within four months, and may not delay payment while proceeding through the various stages of litigation (see, Matter of Levinsky v Kraut, 121 AD2d 723).
*939 The majority’s reliance on Cohen v Pearl Riv. Union Free School Dist. (51 NY2d 256)[3] to support its conclusion that section II46-7.0 does not preclude application of the tolling provision in CPLR 205 (a) without an explicit requirement that the deposit of the tax or undertaking be accomplished within a particular time period, independent of the four-month time limitation period for article 78 proceedings, is misplaced.[4] In Cohen, we addressed the question whether the time period in which a claimant may serve a late notice of claim against a public corporation under General Municipal Law § 50-e (5) may be tolled during the infancy of the claimant in accordance with CPLR 208. We held that where the time for commencing an action on the claim (see, General Municipal Law § 50-i) is tolled under CPLR 208, there will be a concomitant tolling of the time during which a late notice of claim may be served (Cohen v Pearl Riv. Union Free School Dist., 51 NY2d, at 263, supra). Crucial to our decision in Cohen was the clear legislative intent expressed in General Municipal Law § 50-e (5) to specifically authorize the late filing of a notice, in the discretion of the court, so long as the extension "shall not exceed the time limited for the commencement of an action” (emphasis supplied). We concluded that the Legislature had made a "conscious choice” to describe the notice period with express and direct reference to the Statute of Limitations for claims against municipalities (see, General Municipal Law § 50-i) and to specifically provide that the court may take into account a tolling for infancy in calculating an appropriate extension in which to file a late notice of claim (General Municipal Law § 50-e [5]; Cohen v Pearl Riv. Union Free School Dist., 51 NY2d, at 263-264, supra).
No such "conscious choice” is discernible here. Indeed, the *940 language in section II46-7.0 (and Tax Law § 1243 [a]), and the underlying policy reason for demanding prepayment of the tax as a condition precedent, strongly evince a contrary intent. Section II46-7.0 specifically provides that a review proceeding must be instituted in the Supreme Court within four months of receipt of notice of the determination, even though the CPLR already prescribes a four-month limitation period for commencement of article 78 proceedings (see, CPLR 217). Inclusion of the additional language indicates a legislative intent to establish a four-month period, independent of the limitation period of article 78 proceedings and unencumbered by tolling provisions ordinarily applicable under the CPLR, as the time within which petitioners must deposit the tax or undertaking. Furthermore, neither chapter 46, title II, nor Tax Law § 1243 (a), provide for an extension or tolling of the four-month period in which to deposit the required tax or undertaking, and it is clear that section II46-7.0 (and another section not relevant here) is the exclusive remedy available to dispute a determination of tax liability under chapter 46, title II (see, § II46-10.0 [now § 11-2110]). The conclusion implicit in the majority’s holding, that by requiring taxpayers to post the tax or undertaking before instituting a review proceeding, section II46-7.0 intends thereby only that the act of payment be accomplished before commencement of the proceeding — no matter when that proceeding is instituted — fails to give effect to " 'the spirit and purpose of the act and the objects to be accomplished’ ” (Ferres v City of New Rochelle, 68 NY2d 446, 451, citing People v Ryan, 274 NY 149, 152; see also, Matter of Lower Manhattan Loft Tenants v New York City Loft Bd., 66 NY2d 298, 304; Sanders v Winship, 57 NY2d 391, 396; Abood v Hospital Ambulance Serv., 30 NY2d 295, 298 [literal language of statute where it does not express statute’s manifest intent need not be adhered to]).
The very purpose of the prepayment requirement is to ensure not only actual payment of the disputed tax, but the prompt deposit of either the tax or an undertaking by those interested in disputing the validity of the assessment. To import the tolling provision of CPLR 205 (a) into section 1146-7.0 is to impermissibly allow delay of the payment of taxes for an additional six months or more,[5] and to eviscerate the *941 essential purpose of the prepayment requirement thereby confounding the City’s ability to execute its fiscal planning. Those considerations underlying the broad remedial purposes of CPLR 205 (a) (see, Carrick v Central Gen. Hosp., 51 NY2d 242; George v Mt. Sinai Hosp., 47 NY2d 170; Gaines v City of New York, 215 NY 533, 537; 1 Weinstein-Korn-Miller, NY Civ Prac If 205.12; cf., Markoff v South Nassau Community Hosp., 61 NY2d 283) have no application here. The prepayment requirement is premised on the timing of its occurrence and has no meaning without reference to the rationale for which it is imposed. That the City Council intended to further the public policy of prompt and certain collection of taxes and to make the payment of the tax requirement a condition precedent beyond the reach of CPLR 205 (a) is clear.
The order of the Appellate Division should therefore be reversed.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in memorandum; Judge Alexander dissents and votes to reverse in an opinion.
Order affirmed, etc.

.The City of New York, acting through its local legislative body, is empowered by the State Legislature to impose and collect certain local taxes (see, Tax Law § 1201).

.The language of section II46-7.0 of the Administrative Code closely parallels the language of Tax Law § 1243 (a) from whence it was derived. Tax Law § 1243 (a) provides that, as a condition precedent to judicial review of any final determination of the amount of any local tax payable under Tax Law § 1201 (such as the instant City tax), the petitioner must deposit the tax or post a bond before instituting an article 78 proceeding.

.The majority also cites to Bernardez v Federal Deposit Ins. Corp. (104 AD2d 309, affd for reason stated in App Div mem 64 NY2d 943). Bernárdez, however, confirms that CPLR 205 (a) does not save an action dismissed for failure to comply with a condition precedent. It therefore is consistent with and supports the conclusion that under a proper interpretation the language and rationale for section II46-7.0 of the Administrative Code of the City of New York, petitioner’s challenge is untimely.

.CPLR 205 (a) provides: "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same transaction or occurrence * * * within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action.”

.The six additional months afforded in CPLR 205 (a) begin to run from the dismissal of the proceeding, which may occur at any time during the litigation and not necessarily, as here, soon after the four-month period has *941 expired, thereby allowing for the extension of the period for payment well beyond 10 months.