OPINION OF THE COURT
F. Warren Travers, J.
This is an application for an order extending the Statute of Limitations to allow the petitioner to commence a CPLR article 78 proceeding against the State Tax Commission (Commission).
*791 The Audit Division of the Commission, on December 20, 1979, issued a notice of determination and demand for payment of sales and use taxes due for the period June 1, 1976 through August 31, 1979. Petitioner filed a petition for revision of that determination and for refund of sales and use taxes under articles 28 and 29 of the Tax Law. A hearing was held on November 21, 1985 at which petitioner appeared by A. Anthony Greene, "P.A.” A decision was made on May 28, 1986, the Commission notified petitioner of the decision and advised that petitioner had now exhausted his "right of review at the administrative level. Pursuant to section(s) 1138 of the Tax Law, a proceeding in court to review an adverse decision by the State Tax Commission may be instituted only under Article 78 of the Civil Practice Law and Rules, and must be commenced in the Supreme Court of the State of New York, Albany County, within 4 months from the date of this notice.”
The papers submitted on this motion show that Ralph Roye, the "sole proprietor” of the petitioner corporation died on September 30, 1982; that under the terms of his last will and testament admitted to probate in Kings County, New York, an undivided one-half interest "in the restaurant, bar and grill located at No. 761 St. John’s Place, Brooklyn, New York” is given to Dolores Chin, and to Dolores Chin in trust "for my daughter, Ingrid Chin”. Dolores Chin, mother of Ingrid, is designated executrix and trustee in the will. It was the operation of a business at these premises which lead to the sales tax question.
Concededly, no proceeding under CPLR article 78 has been commenced. The present application to extend the Statute of Limitations is brought by Dolores Chin alleging that Ingrid Chin is an infant, age 13, who has been adversely affected by the Commission’s decision.
Under CPLR 217, a proceeding of this nature must be commenced within four months after the final determination or with leave of the court "where the petitioner or the person whom he represents, at the time * * * was under a disability specified in section 208”. In such case, the proceeding must be commenced within two years.
In the case now before the court, the sole shareholder of the corporation died after the initial determination and before the final decision of the Commission.
Arguably, this infant is adversely affected by the final decision of the Commission, although the named petitioner is
*792 a corporation. From the present state of the record, many things are not clear which might necessitate an evidentiary hearing at some point, if this court grants the relief sought. The court is mindful also of section 1138 (a) (4) of the Tax Law, which requires payment of all taxes, penalties and interest, together with the filing of an undertaking as a condition precedent to commencing an article 78 proceeding in a case of this nature. (Matter of Top Tile Bldg. Supply Corp. v New York State Tax Commn., 94 AD2d 885 [3d Dept]; see also, Matter of R & G Outfitters v Bouchard, 101 AD2d 642 [3d Dept].)
The motion to extend the time in which to institute a proceeding under CPLR article 78 to review the decision of the Commission dated May 28, 1986 is granted upon the condition that petitioner comply with section 1138 (a) (4) of the Tax Law.
All rights are reserved to the Commission to raise any and all defenses including the defense of Statute of Limitations in the article 78 proceeding, if such a proceeding is commenced.