In the Matter of LEONARD MORRIS et al., Appellants, v STATE TAX COMMISSIONER, Respondent.—Yesawich, Jr., J.

Although this matter has an extensive procedural history, including unexplained lengthy delays, only a few facts are relevant to our disposition. In October 1984, petitioners initiated this CPLR article 78 proceeding in Supreme Court, Erie County, to review the State Tax Commission's determination of July 9, 1984 insofar as it held petitioners liable for sales and use taxes arising from mobile home sales made between March 1, 1972 and May 1973. Petitioners failed to comply with that court's order requiring petitioners to post a bond for approximately $45,000, representing the tax assessment, penalties and interest, as required by Tax Law § 1138 (a) (4). After this proceeding was transferred to Supreme Court, Albany County, petitioners, alleging constitutional violations, moved to amend their pleading to seek a declaratory judgment and for discovery. In turn, respondent cross-moved for and was granted a judgment dismissing the petition for lack of subject matter jurisdiction and denying petitioners' motion. Petitioners appeal; we affirm.

Compliance with Tax Law § 1138 (a) (4) is a "strict condition

precedent" to judicial review of a tax assessment in a CPLR article 78 proceeding *(Matter of Parsons v State Tax Commn., 34 NY2d 190, 197; Matter of Massa v New York State Tax Commn., 102 AD2d 968)*. Although an article 78 proceeding may be treated as an action for a declaratory judgment where the constitutionality of a legislative enactment is challenged *(Matter of Top Tile Bldg. Supply Corp. v New York State Tax Commn., 94 AD2d 885, appeal dismissed 60 NY2d 653, appeal dismissed 465 US 1095)*, in this proceeding the petition does not challenge the constitutionality of any statute. That being so, Supreme Court was without jurisdiction from the outset and hence was powerless to authorize amendment of petitioners' pleading so as to transmute the proceeding into an action for declaratory judgment *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C103:3, at 17). This is not, however, a determination on the merits, and, upon complying with Tax Law § 1138 (a) (4), petitioners may commence a new proceeding within six months *(see,* CPLR 205 [a]; *Matter of Day Surgicals v State Tax Commn., 97 AD2d 865, 866)*.

Judgment affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.