■ In the Matter of LEONARD MORRIS et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.—Weiss, J. P. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

When petitioners were before us approximately 2½ years ago, we affirmed the dismissal of their CPLR article 78 petition seeking annulment of a determination by the State Tax Commission assessing sales and use taxes against them *(see, Matter of Morris v State Tax Commr.,* 140 AD2d 864). The

dismissal was based upon a lack of jurisdiction due to petitioners' noncompliance with Tax Law § 1138 (a) (4), which required that the tax, penalty and interest be paid or a bond posted. We said that our decision was not upon the merits and held that "upon complying with Tax Law § 1138 (a) (4), petitioners may commence a new proceeding within six months" *(Matter of Morris v State Tax Commr., supra,* at 865), citing to CPLR 205 (a). On July 25, 1988, a petition was filed with the Division of Tax Appeals seeking, once again, annulment of the original determination, nullification of the assessment against petitioners or a hearing de novo. An Administrative Law Judge issued an order dismissing the petition on the ground that respondent Tax Appeals Tribunal was without administrative jurisdiction to hear the issues raised. Ultimately, on May 4, 1989, the Tax Appeals Tribunal affirmed the order of the Administrative Law Judge as final and irrevocable, and petitioners thereafter commenced this CPLR article 78 proceeding seeking review of not only the 1989 decision on a myriad of grounds, but also of the previous July 9, 1984 determination of the State Tax Commission.

Petitioners have still failed to comply with Tax Law § 1138 (a) (4) in that they have not deposited the tax, penalty and interest due or posted the required bond, thereby depriving this court of jurisdiction for judicial review *(see, Matter of Parsons v New York State Tax Commn.,* 34 NY2d 190, 197; *Matter of Massa v New York State Tax Commn.,* 102 AD2d 968). Nor is petitioners' claimed inability to obtain a bond sufficient to overcome this requirement *(see, Matter of R & G Outfitters v Bouchard,* 101 AD2d 642, 643). Although posting of a bond is not a prerequisite in a declaratory judgment action, we have already held in our previous decision that petitioners are not entitled to such relief *(see, Matter of Morris v State Tax Commr., supra; see also, Matter of Top Tile Bldg. Supply Corp. v New York State Tax Commn.,* 94 AD2d 885, *lv dismissed* 60 NY2d 653, *appeal dismissed* 465 US 1095).

Finally, we hold that petitioners have either failed to apprehend the time limitation established by this court in our previous decision or have completely misinterpreted what we said about commencement of a new proceeding. We did not hold that petitioners could commence new administrative proceedings before the State Tax Commission or the Division of Tax Appeals. CPLR 205 (a) permits a new judicial action *(see,* CPLR 105 [b]), in this case a CPLR article 78 proceeding. Since petitioners have failed both to comply with Tax Law § 1138 (a) (4) and within six months of the prior dismissal to

timely commence a new proceeding, the determination must be confirmed and the petition dismissed.

Determination confirmed, and petition dismissed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.