■ In the Matter of PRIDE OIL CORPORATION, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [600 NYS2d 168] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a motor fuel tax assessment imposed under Tax Law article 12-A.

Petitioner was engaged in the business of distributing and reselling petroleum products in New York. As the result of a 1985 audit, respondents determined that petitioner owed $2,833,337.35 in motor fuel taxes together with penalties and interest for the period of October 1, 1982 through October 31, 1984. Petitioner thereafter commenced this CPLR article 78 proceeding in this Court seeking review of that determination.

Respondents contend that the petition must be dismissed by reason of petitioner's failure to either deposit the amount which respondents determined was due or to post a bond for said amount *(see,* Tax Law § 288 [5]). We agree. We have previously held that the payment of the tax, penalty and interest due or the posting of a bond in that amount is a condition precedent to judicial review of a tax assessment *(cf., Matter of Morris v State Tax Commr.,* 140 AD2d 864) and that the failure to comply with the statute deprives this Court of jurisdiction *(cf., Matter of Morris v Tax Appeals Tribunal,* 171 AD2d 961, 962). Furthermore, petitioner's contention that application of Tax Law § 288 (5) to the facts of this case is unconstitutional is without merit. The statute does not provide "for a case-by-case review of the petitioner's ability to make the required prepayment" *(Matter of R & G Outfitters v Bouchard,* 101 AD2d 642, 643) and, therefore, petitioner's claimed inability to pay is not a basis upon which the failure to post an undertaking or deposit the determined tax, interest and penalties may be excused *(see, supra).*

Finally, petitioner's contention that the statute unconstitutionally subjects it to double taxation is equally without merit. Respondents having determined that petitioner has failed to pay taxes it owed the State, the requirement that petitioner deposit said amount or file an undertaking cannot, per force of

fact, constitute a double payment of such tax. Petitioner's remaining arguments have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr. and Levine, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.