■ In the Matter of DEL'S MINI DELI, INC., et al., Petitioners, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [613 NYS2d 967] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination by respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

The questions presented herein are whether respondent Tax Appeals Tribunal properly determined that petitioners failed to sustain their burden that the tax audit methodology used was clearly erroneous and whether it properly sustained the imposition of the maximum penalty pursuant to Tax Law § 1145 (a) (3) (i) for failure to register as a sales tax vendor.

Prefatorily, we note that petitioner Del's Mini Deli, Inc. (hereinafter Del's) has failed to file an undertaking or deposit money sufficient to cover the amount of the tax, interest and penalties sought to be reviewed *(see,* Tax Law § 1138 [a] [4]). Thus, the petition on behalf of Del's must be dismissed *(see, Matter of Morris v Tax Appeals Tribunal,* 171 AD2d 961, 962). As to the petition of petitioner Delbert W. Travis (hereinafter petitioner), president of Del's, it properly remains before this Court *(see,* Tax Law § 1138 [a] [3] [B]; *see generally, Matter of American Communications Technology v State of N. Y. Tax Appeals Tribunal,* 185 AD2d 79, 81, *affd* 83 NY2d 773).

Del's has been in operation since 1979 selling a combination of taxable and nontaxable goods including beer, candy, soda, cigarettes, prepared sandwiches and other grocery items. It failed to file sales tax returns from December 1979 until October 1986, when Del's was found by agents of the Division

of Taxation of respondent Department of Taxation and Finance (hereinafter the Division) not to be registered as a sales tax vendor. The Division issued Del's a sales tax number under a procedure denominated as "forced registering".

Del's was unable to produce relevant sales tax records, claiming that they had been destroyed. Del's did produce income tax returns from 1980 to 1982, 1985 and 1986, and seven months of purchase invoices and accompanying daybooks from 1987 through 1988. The tax auditor, after analyzing the purchase invoices provided, determined that the percentage of purchased items which would be subject to tax when sold was just over 46%, after crediting Del's for cigarette taxes. He testified that this figure was comparable to taxable percentages for similar businesses.

The auditor then reviewed Del's total purchases as reported on its Federal tax returns. For years when no return was provided, he computed average annual purchases. He then multiplied the taxable percentage by Del's annual total purchases, applying a profit markup to arrive at taxable sales of items purchased.

He next addressed the taxable sales of prepared foods by conducting an observation test on August 23, 1988, and as a result estimated additional tax sales of $22,699.56. This was reduced to $13,774.80 based on the taxpayer's own observation test which was accepted by the Division.

The total taxable sales, including purchased items and prepared food items, was found to be $2,131,147.43. Applying the sales tax rates and crediting petitioner with sales taxes paid, the auditor calculated Del's outstanding sales tax liability at $54,469.18. Penalties were imposed under Tax Law § 1145 (a) (1) and for underreporting sales tax liability by over 25%, a 10% omnibus penalty was imposed.* A $10,000 penalty was imposed for operating an unregistered business during the audit period and a separate $50 penalty was imposed for failure to display a registration.

In this proceeding, petitioner's major contention is that inflation and changes in the nature of Del's business over the years rendered inaccurate the Division's application of the same taxable percentage to all the years involved, and that extrapolating one year's record to an 8½-year period and a one-day observation test audit did not reflect the tax due. The evidence produced in support of this contention was made up

---

* These penalities are not challenged here.

of petitioner's testimony as to the varying nature of his business, that is, that initially Del's was a discount vendor of milk and cold cuts and not until 1985 did it expand to sell such items as cigarettes, beer, soda and prepared foods. Calculating from partial purchase invoices, Del's accountant opined that a taxable percentage of 31.54% for 1984, 27.66% for 1980 and 27.66% for 1986 and 1987 was more appropriate.

The record discloses that petitioner had inadequate records and this necessitated the Division's resort to external indices *(see,* Tax Law § 1138 [a] [1]). Under such circumstances, the Division need only adopt an audit method reasonably calculated to determine the tax due *(see, Matter of Surface Line Operators Fraternal Org. v Tully,* 85 AD2d 858, 859). The burden is upon the taxpayer to demonstrate, by clear and convincing evidence, that the audit method employed or the tax assessed was unreasonable *(Matter of Shukry v Tax Appeals Tribunal,* 184 AD2d 874, 876).

While petitioner claims that the methodology used was imprecise, he failed to meet his burden of proving by clear and convincing evidence that the methodology led to unreasonably inaccurate results or that the amount of tax assessed was erroneous. Even if the methodology is imperfect or flawed, petitioner's conclusory allegations of error are insufficient to meet his burden of proof *(see, Matter of Vebol Edibles v State of N. Y. Tax Appeals Tribunal,* 162 AD2d 765, 766, *lv denied* 77 NY2d 803).

Petitioner's challenge to the imposition of a $10,000 penalty for failure to register is meritless. The Division proved that petitioner had not acquired a certificate of authority to collect sales taxes until "force registered" in 1986. His sale of goods subject to sales tax is not controverted for the period of December 1977 to 1988. He is thus subject to imposition of the maximum penalty *(see,* Tax Law § 1145 [a] [3] [i]). We find no merit in petitioner's contention that the notice of proposed audit adjustment means that the penalty was being imposed only for the period ending May 31, 1988. The penalty applies to the entire audit period that petitioner operated as an unregistered vendor.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.