■ In the Matter of FAZKAP ASSOCIATES, Petitioner, v COMMISSIONER OF NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents. [648 NYS2d 186] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a real property transfer gains tax assessment imposed under Tax Law article 31-B.

On December 31, 1986, petitioner conveyed title to real property in New York City to Irving Place Realty Corporation (hereinafter the transferee). The consideration for the transfer consisted of the transferee's assumption of a $198,780 first mortgage and execution of a $4,200,000 note and mortgage to petitioner, under the terms of which the transferee was to pay interest only for a period of 15 years, with the entire principal balance due at the conclusion thereof. The real property transfer gains tax on the transaction was fixed at $389,754.59. Under a deferred payment plan, petitioner was permitted to pay the tax in 15 annual installments of $25,983.64 commencing December 31, 1987.

Unfortunately, the transferee defaulted on its obligation to petitioner and petitioner reacquired the property by deed in lieu of foreclosure in the spring of 1991. Petitioner paid only the first three scheduled installments of gains tax, as a result of which the Department of Taxation and Finance issued a notice of determination accelerating petitioner's remaining deferred payments pursuant to Tax Law § 1442 (e). Following unsuccessful administrative review, petitioner initiated this proceeding pursuant to CPLR article 78 and Tax Law § 2016

seeking to annul the determination of respondent Tax Appeals Tribunal that petitioner's liability for payment of the transfer gains tax was unaffected by the transferee's subsequent default and that the Department was justified in declaring the unpaid balance of the tax due and payable.

As a threshold matter, we agree with respondents that the proceeding is barred by virtue of petitioner's failure to fulfill the requirement of Tax Law § 1444 (1) that the person against whom the tax is assessed either (a) pay the amount of any tax sought to be reviewed, with penalties and interest thereon, if any, and file an undertaking for all costs and charges that may accrue in the prosecution of the proceeding, or (b) file an undertaking covering both the tax (including penalties and interest) and the costs and charges that may accrue in the proceeding. That statutory requirement constitutes a jurisdictional condition precedent to proceedings seeking judicial review of determinations of the Tribunal (*see, Matter of R & G Outfitters v Bouchard*, 101 AD2d 642 [sales and use tax assessment]; *see also, Matter of Pride Oil Corp. v Tax Appeals Tribunal*, 195 AD2d 701 [motor fuel tax assessment]; *Matter of American Communications Technology v State of N. Y. Tax Appeals Tribunal*, 185 AD2d 79, 81, n 2, *affd* 83 NY2d 773 [sales and use tax assessment]), notwithstanding the fact that the petition raises a constitutional challenge to Tax Law § 1442 as applied to petitioner's particular situation (*see, Matter of R & G Outfitters v Bouchard, supra*, at 643; *Matter of Top Tile Bldg. Supply Corp. v New York State Tax Commn.*, 94 AD2d 885, *appeal dismissed* 60 NY2d 653, *appeal dismissed* 465 US 1095).

Were we to reach the merits, the result would be no different. Fundamentally, the real property transfer gains tax is determined on the basis of the consideration paid or owing at the time of the transfer (Tax Law § 1440 [1] [a]; [3]; § 1441 [1]; *see, Matter of Wanat v Tax Appeals Tribunal*, 224 AD2d 873, *lv denied* 88 NY2d 803; *Matter of South Suffolk Recreation Ventures v Tax Appeals Tribunal*, 224 AD2d 874 *lv denied* 88 NY2d 803), including the face amount of the bond and mortgage given or assumed in consideration of the sale and transfer of the property (Tax Law § 1440 [1] [a]; *see, Matter of Union Carbide Chems. & Plastic Co. v Tax Appeals Tribunal*, 213 AD2d 807, 808-809, *appeal dismissed* 85 NY2d 1031, *lv denied* 86 NY2d 710). Liability for the tax is unaffected by subsequent events (*see, Matter of Wanat v Tax Appeals Tribunal, supra; Matter of Cheltoncort Co. v Tax Appeals Tribunal*, 185 AD2d 49, 53).

Petitioner's remaining contentions have been considered and found similarly lacking in merit.

Mikoll, J. P., Peters, Spain and Carpinello, JJ., concur. Adjudged that the petition is dismissed, without costs.