■ In the Matter of MENACHEM VINTER, Petitioner, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [757 NYS2d 911] —Cardona, P.J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which reinstated a penalty imposed under Tax Law article 20.

Petitioner's corporation owns and operates a gasoline station which sells cigarettes. An inspection by the Division of Tax Appeals resulted in the discovery and seizure of 168.9 cartons of cigarettes that had counterfeit tax stamps attached. As a result, petitioner was arrested, charged with several felonies and ultimately pleaded guilty to a class B misdemeanor. The Department of Taxation and Finance assessed a $15,800

penalty against petitioner for his possession or control of the unlawfully stamped cigarettes (*see* Tax Law former § 481 [1] [b]). Petitioner challenged that penalty, and an Administrative Law Judge reduced it to $7,900, but otherwise sustained the Department of Taxation and Finance's determination. Respondent Tax Appeals Tribunal reinstated the $15,800 penalty, but otherwise affirmed. Petitioner commenced this CPLR article 78 proceeding seeking review of that determination.

Respondent Commissioner of Taxation and Finance contends that the petition must be dismissed due to petitioner's undisputed failure to comply with the condition precedent contained in Tax Law § 478 requiring that, prior to commencement of this proceeding, he either deposit the amount which the Tribunal determined was due or post an undertaking for said amount. This Court has repeatedly held that compliance with similar conditions precedent in tax proceedings is required for judicial review and failure to follow the statutory requirements deprives this Court of jurisdiction (*see e.g. Matter of Fazkap Assoc. v Commissioner of N.Y. State Dept. of Taxation & Fin.*, 232 AD2d 747, 748 [1996]; *Matter of Del's Mini Deli v Commissioner of Taxation & Fin.*, 205 AD2d 989, 989 [1994]; *Matter of Pride Oil Corp. v Tax Appeals Trib. of State of N.Y.*, 195 AD2d 701, 701 [1993]; *Matter of Morania Oil Tanker Corp. v State Tax Commn.*, 103 AD2d 965, 966 [1984]).

Although petitioner claims that he is unable to pay the penalty and argues that requiring him to either deposit that sum or an undertaking in the same amount is violative of his constitutional rights, that argument has been rejected in the context of similar statutes mandating payment as a condition precedent to judicial review and the same reasoning applies here (*see Matter of Fazkap Assoc. v Commissioner of N.Y. State Dept. of Taxation & Fin., supra* at 748; *Matter of Pride Oil Corp. v Tax Appeals Trib. of State of N.Y., supra* at 701; *Matter of Massa v New York State Tax Commn.*, 102 AD2d 968, 969 [1984]; *Matter of R & G Outfitters v Bouchard*, 101 AD2d 642, 643 [1984]).

Given the lack of jurisdiction herein, petitioner's arguments relating to the underlying merits of the Tribunal's determination are not properly before us.

Mercure, Peters, Carpinello and Rose, JJ., concur. Adjudged that the petition is dismissed, without costs.

child support and maintenance, entered February 7, 2002 in Schenectady County, upon a decision of the court.