■ In the Matter of DANNIBLE & McKEE, LLP, Appellant, v NEW YORK DEPARTMENT OF ECONOMIC DEVELOPMENT, Also Known as EMPIRE STATE DEVELOPMENT, et al., Respondents.
[975 NYS2d 178]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (McGrath, J.), entered November 23, 2011 in Albany County, which, among other things, partially dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, declare the retroactive decertification of petitioner as an empire zone business by respondent Empire Zone Designation Board to be unconstitutional.

Petitioner is an accounting firm in Onondaga County that obtained certification as an empire zone business enterprise in 2002. Following legislative amendments to the New York State Empire Zones Act (*see* General Municipal Law § 955 *et seq.*) in

---

* Upon remittal, the Board upheld petitioner's decertification, and petitioner thereafter commenced a separate combined CPLR article 78 proceeding and action for declaratory judgment seeking to, among other things, challenge the administrative determination. Supreme Court (Platkin, J.) dismissed the declaratory judgment action and denied the balance of the requested relief, prompting petitioner to appeal.

April 2009 (*see* L 2009, ch 57, § 1, part S-1, § 3),[1] petitioner was advised by respondent Department of Economic Development that it was being decertified as an empire zone business enterprise pursuant to General Municipal Law § 959 (a) (v) (5) and 5 NYCRR 11.9 (c) (1) effective January 1, 2008.[2] Petitioner's subsequent administrative appeal to respondent Empire Zone Designation Board proved to be unsuccessful, prompting it to commence this combined CPLR article 78 proceeding and action for declaratory judgment seeking, among other things, to annul the Board's determination and request a declaration that the retroactive application of the 2009 statutory amendments was unconstitutional. Supreme Court dismissed petitioner's declaratory judgment action, reasoning that an adequate remedy existed within the context of the CPLR article 78 proceeding, but annulled the administrative determination and remitted the matter to the Board for reconsideration.[3] This appeal by petitioner ensued.

Although a CPLR article 78 proceeding indeed is the appropriate procedural device for determining whether a statute "has been *applied* in an unconstitutional manner" in a particular instance (*Matter of R & G Outfitters v Bouchard*, 101 AD2d 642, 643 [1984] [emphasis added]), "[a] declaratory judgment action is the proper vehicle for challenging the [general] constitutionality of a statute" (*Matter of Velez v DiBella*, 77 AD3d 670, 671 [2010]). Inasmuch as petitioner is contesting the overall constitutionality of the April 2009 amendments to the Empire Zones Act, Supreme Court erred in dismissing the declaratory judgment action.

Turning to the merits, as respondents readily acknowledge, the Court of Appeals recently concluded that retroactive application of the April 2009 amendments violates the due process rights of Empire Zone Program participants and is, therefore, unconstitutional (*see James Sq. Assoc. LP v Mullen*, 21 NY3d

---

1. The underlying statutory scheme is more fully discussed in our decision in *Matter of WL, LLC v Department of Economic Dev.* (97 AD3d 24 [2012], *affd sub nom. James Sq. Assoc. v Mullen,* 21 NY3d 233 [2013]).

2. The Department deemed the April 2009 amendments to be effective as of January 1, 2008, and the Legislature amended the statute in August 2010 to "clarify and confirm" the retroactive effect thereof (L 2010, ch 57, § 1, part R, § 1).

3. Upon remittal, the Board upheld petitioner's decertification, and petitioner thereafter commenced a separate combined CPLR article 78 proceeding and action for declaratory judgment seeking to, among other things, challenge that determination. Supreme Court (Platkin, J.) dismissed the declaratory judgment action and denied the balance of the requested relief, prompting petitioner to file a notice of appeal with respect thereto.

233, 248-250 [2013]). Accordingly, petitioner is entitled to a declaration that revocation of its Empire Zone Program certification cannot be made retroactive to January 1, 2008.

Peters, P.J., Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the action for declaratory judgment; petition granted to the extent that it is declared that the April 2009 amendments to General Municipal Law § 959 may not be applied retroactively to January 1, 2008; and, as so modified, affirmed.