Matter of Vignone (Peregrine Enters., Inc.--Commissioner of Labor) (2020 NY Slip Op 02334)





Matter of Vignone (Peregrine Enters., Inc.--Commissioner of Labor)


2020 NY Slip Op 02334


Decided on April 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 23, 2020

526466

[*1]In the Matter of the Claim of Amanda K. Vignone, Respondent. Peregrine Enterprises, Inc., Doing Business as Rick's Cabaret, Appellant. Commissioner of Labor, Respondent.

Calendar Date: February 20, 2020

Before: Clark, J.P., Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Akerman LLP, New York City (Benjamin Joelson of counsel), for appellant.
Carolyn B. George, Albany, for Amanda K. Vignone, respondent.
Letitia James, Attorney General, New York City (Steven Koton of counsel), for Commissioner of Labor, respondent.



Pritzker, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed June 6, 2017, which ruled, among other things, that Peregrine Enterprises, Inc. was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Peregrine Enterprises, Inc. operates an adult entertainment club in Manhattan known as Rick's Cabaret (hereinafter the club). The club was opened after Peregrine was purchased by its current owners in 2005, and the adult entertainment club that it previously operated was closed and renovated. In 2008, the Department of Labor commenced an investigation of Peregrine after an anonymous tip alleged that dancers at the club were being paid "off the books." In a February 2009 letter, Peregrine responded to requests for records and contended that all dancers were independent contractors. Peregrine attempted to support this contention by submitting the 1099 tax forms issued to all dancers for tax years 2006 through 2008, as well as providing Peregrine's Entertainer Guidelines. In 2010, following its investigation, the Department assessed Peregrine unpaid employment contributions and penalties of $660,573.40 based upon the first quarter of 2006 through the fourth quarter of 2008, plus interest, as well as a 50% fraud penalty of $330,286.70. In 2011, claimant, a former dancer at the club, filed a claim for unemployment insurance benefits. The Department determined that, for purposes of unemployment insurance benefits, claimant was an employee and, as such, found that Peregrine was liable for additional unemployment insurance contributions on remuneration paid to her and others similarly situated. Peregrine requested hearings to challenge the 2010 and 2011 determinations.
In August 2013, following multiple hearings on the assessments and penalty against Peregrine and claimant's request for benefits, an Administrative Law Judge sustained the Department's initial determinations. Upon Peregrine's administrative appeal, the Unemployment Insurance Appeal Board affirmed in two identical decisions. Peregrine appeals.
The appeals must be dismissed. Pursuant to Labor Law § 625, Peregrine has failed to either deposit the sum due, as determined by the Department and sustained by the Board, or file an undertaking "in a sum sufficient to cover" the sum due, which is a condition precedent to the taking of an appeal. As such, this Court is deprived of jurisdiction over these appeals (see Matter of Empire State Ballet Theatre of W. N.Y. [Hudacs] , 186 AD2d 839, 839 [1992]; Matter of PNS Agency [Roberts] , 110 AD2d 1008, 1010 [1985]). We are unpersuaded by Peregrine's argument challenging the constitutionality of Labor Law § 625 as applied due to its alleged inability to pay (cf. Matter of Fazkap Assoc. v Commissioner of N.Y. State Dept. of Taxation & Fin. , 232 AD2d 747, 748 [1996]; Matter of Massa v New York State Tax Commn. , 102 AD2d 968, 968-969 [1984]; see generally Matter of R & G Outfitters v Bouchard , 101 AD2d 642, 643 [1984]). Although the undertaking requirement may have the effect of preventing certain litigants from bringing an appeal due to the inability to pay, any change to the jurisdictional prerequisite prescribed in Labor Law § 625 is a matter properly addressed by the Legislature (see NY Const, art VI, § 30).
Clark, J.P., Mulvey, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeals are dismissed, without costs.