■ In the Matter of ROBERT A. HOWES, Petitioner, v TAX APPEALS TRIBUNAL OF THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents.—Kane, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a real property transfer gains tax assessment imposed under Tax Law article 31-B.

The facts in this case are not in dispute. In April 1977, petitioner purchased real property on West 9th Street in New York City through a wholly owned corporation, Counsel Properties, Inc. After the purchase, the corporation was liquidated and the property, an apartment building, was distributed to petitioner, who used one of the apartments as his personal residence and rented the others. Petitioner then "contributed" the rental portion of the building to Counsel Properties Company, a partnership consisting of petitioner and Suzette Hen-

nion, who subsequently married petitioner (hereinafter the partnership). The partnership agreement provided that petitioner was to hold title to the rental property in his own name and, in July 1985, petitioner sold the entire property for $1,400,000.* Petitioner warranted that he was "the sole owner of the property and [had] all legal right to convey the same" and executed a single deed to effect the transfer. Petitioner then paid a real property transfer gains tax of $65,151.50 pursuant to a tentative assessment issued by the Department of Taxation and Finance and based on an allocation of consideration between the rental property (65%), susceptible to the gains tax, and the residential portion (35%). Petitioner subsequently sought a refund of the tax paid, claiming that the transaction involved two separate sales, the residence sold by him personally and the rental property by the partnership, and that the consideration allocated to the rental property was less than $1,000,000 and, therefore, exempt from the gains tax (see, Tax Law § 1443 [1]). The claim was denied and petitioner submitted a petition for the refund to the Tax Appeals Bureau. After a hearing, an Administrative Law Judge denied the petition finding that the sale was a single transfer of property of which the gain on the rental portion was taxable. Respondent Tax Appeals Tribunal (hereinafter respondent) affirmed the Administrative Law Judge's determination, with a slight modification, finding that petitioner's beneficial interest in the property transferred was sufficient to tax his share of the gain on the rental property. This proceeding followed.

Respondent's decision should be confirmed and the petition dismissed. We initially note that the taxpayer bears the burden of proving his entitlement to a statutory tax exemption by demonstrating that the only reasonable interpretation of applicable law so provides him (see, Matter of Bredero Vast Goed v Tax Commn., 146 AD2d 155, 159, appeal dismissed 74 NY2d 791; Matter of Auerbach v State Tax Commn., 142 AD2d 390, 393). The exemption from the 10% gains tax claimed by petitioner here is that provided for transfers where the consideration is less than $1,000,000 (Tax Law § 1443 [1]). Petitioner, relying on 20 NYCRR 590.42, contends that the rental and residential portions of the building comprised separate and unrelated parcels of real property and that, therefore, the consideration paid for the rental property and that paid for the residence were improperly aggregated for purposes of

---

* $4,000 of the sale was attributed to personal property.

calculating petitioner's entitlement to the exemption. We disagree. Petitioner's building constituted a single parcel of real property, the entire title to which petitioner conveyed by a single deed. Nothing in the record indicates that the building was ever subdivided pursuant to a condominium plan or that there was any prior deed transferred to the partnership when petitioner contributed to it a 65% beneficial interest therein. In our view, petitioner has failed to establish any support for the position that the consideration for the building should not be aggregated (see, 20 NYCRR 590.25).

We also reject petitioner's argument that his personal and partnership interest in the building was such that the consideration he received therefor was below the $1,000,000 threshold of Tax Law § 1443 (1). The partnership was capitalized by initial contributions of $225,000, with 97.78% provided by petitioner. Partnership profits were to be split equally although 99% of any losses were to be allocated to petitioner. The partnership agreement provided that title to partnership assets "shall be in the individual partners in proportion to the amount of capital each has contributed". In our view, it was reasonable for respondent to conclude that petitioner held a 97.9% beneficial interest in the partnership based on his corresponding contribution of capital thereto. Although this conclusion may conflict with the agreement's provision on equal distribution of assets, respondent's finding that the ownership provision was controlling is amply supported by the record. Therefore, the consideration received was above that needed to tax the gain on the rental portion of the building.

We have examined petitioner's remaining arguments and find them unpersuasive.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.