■ In the Matter of ALBE REALTY COMPANY, Appellant, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [598 NYS2d 602] —Casey, J. Proceeding pursuant to

CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a real property transfer gains tax assessment imposed under Tax Law article 31-B.

Tax Law § 1441 imposes a tax on gains derived from the transfer of real property within the State, which includes transfers pursuant to a cooperative plan (see, Tax Law § 1440 [7]). Tax Law § 1443 provides a total or partial exemption if the consideration is less than $1 million. Petitioner contends that its transfers pursuant to a cooperative plan are entitled to an exemption because it transferred 12 of the 46 units offered for sale pursuant to the cooperative conversion plan and the consideration for those units was less than $1 million. The gains tax, however, is imposed on the overall cooperative conversion plan (see, Matter of 1230 Park Assocs. v Commissioner of Taxation & Fin. of State of N. Y., 170 AD2d 842, 843, lv denied 78 NY2d 859), and it is undisputed that the consideration to be generated by petitioner's overall cooperative conversion plan exceeds $1 million.

Petitioner claims that its plan has terminated. In support of this claim, petitioner points out that no apartment units have been sold since January 3, 1989 and that all unsold apartments are rented and none are presently being offered for sale. Petitioner also relies upon an amendment to the cooperative offering plan, which was filed July 25, 1990 and states: "The initial cooperative offering for apartments has expired and the Sponsor is not offering any apartments for sale." Respondent Tax Appeals Tribunal (hereinafter respondent) found that petitioner had not established that its conversion plan had ended within the meaning of the real property transfer gains tax law because petitioner had failed to demonstrate that it could not recommence sales by refiling the conversion plan with the Attorney-General's office. Respondent pointed out that if an offering plan is abandoned after filing, the sponsor is required to execute and file form RS-3 promulgated by the Attorney-General's office (13 NYCRR 18.1 [o]), but that petitioner did not comply with this requirement. We are of the view that respondent's determination of this issue is rational and supported by substantial evidence in the record.

Petitioner also contends that pursuant to Tax Law § 1440 (5) (a), the costs associated with petitioner's placement of a $1 million mortgage on the premises should have been included as part of the original purchase price, thereby reducing the

amount of the gain subject to the tax. As found by respondent, however, the $1 million mortgage, which replaced an existing smaller mortgage, was obtained some four months prior to the transfer of the property from petitioner to the cooperative housing corporation and was not a necessary expense incurred to create an ownership interest in the cooperative housing corporation. On this issue, we also find respondent's determination to be rational and supported by substantial evidence in the record. In these circumstances, respondent's determination must be confirmed *(see, Matter of Golub Serv. Sta. v Tax Appeals Tribunal,* 181 AD2d 216, 220).

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.