■ In the Matter of VINCENT MELOMO et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [600 NYS2d 391] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a real property transfer gains tax assessment imposed under Tax Law article 31-B.

By this CPLR article 78 proceeding, petitioners seek to annul a determination of respondent Tax Appeals Tribunal upholding the imposition of a real property transfer gains tax on the August 30, 1988 sale of a one-family house and four lots located in Kings County. The property was owned by the nine petitioners and Francis Melomo as tenants in common. Melomo had a one-sixth interest in the property and used it as his personal residence. The Audit Division of the Department of Taxation and Finance found that the gain on the sale of the parcel was $1,095,667.30 (see, Tax Law § 1440 [3]), making the transaction ineligible for the exemption for transfers of property worth less than $1 million (see, Tax Law § 1443 [1]). Because Melomo was eligible for the residence exemption of Tax Law § 1443 (2), the Audit Division subtracted the gain attributable to Melomo's one-sixth interest ($182,611.22) from the overall assessment and determined that petitioners owed $91,305.61 in taxes on a gain of $913,056.08.

First, we reject petitioners' innovative contention that Melomo's occupation of the property as his residence entitled them to the residence exemption of Tax Law § 1443 (2) because, under RPAPL 541, the occupancy of real property by one of several tenants in common is deemed to be the possession of the others. Obviously, RPAPL 541 was enacted in order to prevent one tenant in common from adversely possessing jointly owned property as against the others, a purpose which has nothing at all to do with Tax Law article 31-B. Equally inventive, and meritless, is the contention that respondents' limitation of the residence exemption to tenants in common actually occupying the property as a residence requires the unlawful occupancy of a single-family residence by more than one family.

We agree with respondents that under the plain language of Tax Law § 1443 (2), which provides an exemption "[i]f the real property consists of premises occupied by the transferor as his residence (but only with respect to that portion of the premises actually occupied and used for such purposes)", only Melomo would be eligible for the exemption (cf., Matter of American Communications Technology v State of N. Y. Tax Appeals Tribunal, 185 AD2d 79, 82). Contrary to petitioners' argument, there is ample precedent for granting partial exemptions under Tax Law article 31-B (see, e.g., Matter of Howes v Tax Appeals Tribunal, 159 AD2d 813; see also, 20 NYCRR 590.43 [d]), a technique apparently contemplated by the reference in Tax Law § 1443 (2) to apportioning property for exemption purposes. We also agree with the Administra-

tive Law Judge that petitioners' interpretation of the statute is not reasonable because "carrying petitioners' position to its extreme could vitiate the tax by allowing multiple non-residing owners of premises to use a non-rent-paying nominee occupying the premises and holding a tiny percentage of ownership to 'qualify' the premises for the residential exemption for all owner/transferors, even though the true parties in interest never occupied the premises as their residence".

In view of the foregoing and mindful that exemptions for taxation are strictly construed against the taxpayer *(see, Matter of Grace v New York State Tax Commn.,* 37 NY2d 193, 196), we conclude that petitioners have not met their heavy burden of establishing "that [their] interpretation of the statute is not only plausible, but also that it is the only reasonable construction" *(Matter of Moran Towing & Transp. Co. v New York State Tax Commn.,* 72 NY2d 166, 173; *see, Matter of Scotsmen Press v State of N. Y. Tax Appeals Tribunal,* 165 AD2d 630, 633).

Mikoll, J. P., Crew III and Mahoney, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.