■ In the Matter of LION BREWERY OF NEW YORK CITY, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [629 NYS2d 540] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a real property transfer gains tax assessment imposed under Tax Law article 31-B.

Petitioner, a real estate holding company, is the former owner of an apartment building in New York City. In 1971, Paula Murray Coudert, who had been petitioner's sole shareholder since her parents' death in 1931, conveyed all of her shares to two irrevocable trusts, established for the benefit of her children. Having divested herself of her ownership interest, apparently for estate planning purposes, Coudert nevertheless continued to reside in the building, as she had for many years, occupying the eighth floor as the family home and using the 15th (variously referred to as "15th floor rooms" or "penthouse") for storage. In addition, the trustees, a relative and a family friend, who had been "granted the broadest possible powers" in connection with the trusts funds, allowed her to continue to exert substantial control over the management of the building until her death in 1985.

Although the property was converted to condominiums in 1979, and the other former apartments, 12 in all, were sold pursuant to the offering plan, Coudert never elected to purchase her unit, but simply continued living there rent-free as in the past. She also maintained control over the 15th floor, which was not offered in the original plan, but was reserved by petitioner, along with the right to convert it to residential use and offer it for sale at a later date.

After Coudert died, petitioner sold the eighth and 15th floors, separately, for $2.9 million and $499,990, respectively, and the Division of Taxation and Finance concluded that real property transfer gains taxes (*see*, Tax Law art 31-B) were owed on both sales. After paying the taxes, petitioner challenged the determinations, asserting that the sales at issue are exempt from the transfer tax because the properties involved had been Coudert's personal residence (*see*, Tax Law § 1443 [2]). Alternatively, petitioner argued that the sale of the 15th floor was exempt, being for an amount less than $1 million (*see*, Tax Law § 1443 [1]). Ultimately, respondent Tax Appeals Tribunal upheld the Division's determinations and this proceeding ensued.

Petitioner contends that the Division improperly refused to "look behind" the form of the transactions, to find that they were, in substance, within the scope of the residence exception, because Coudert had been the "beneficial" owner of the property during the entire time she lived there. While it is true that actual legal ownership is not always dispositive in this context—for example, a corporation's sale of real property that has been used only as a residence by its sole shareholder may qualify for the exemption (*see*, 20 NYCRR 590.25 [d]; *cf.*, *Mat-*

*ter of Bredero Vast Goed v Tax Commn.*, 146 AD2d 155, 158-159, *appeal dismissed* 74 NY2d 791)—Coudert was, for many years prior to her death, neither a shareholder of petitioner nor a beneficiary of either of the trusts. That Coudert exercised "de facto" control of both petitioner and the trusts is not, as petitioner suggests, conclusive of the issue, for she did so merely by leave of the trustees, who were at no time relieved of their fiduciary duties to the true beneficiaries and could have reasserted control at any juncture.

Inasmuch as the trust beneficiaries (who, as petitioner's sole shareholders, are the true parties in interest here) obtained the benefits that resulted from Coudert having given up her legal and beneficial ownership of the property prior to death, it is not unreasonable to hold petitioner to the consequences of that choice (*see, Matter of Transervice Lease Corp. v Tax Appeals Tribunal*, 214 AD2d 775, 777-778; *Matter of Ormsby Haulers v Tully*, 72 AD2d 845, 846), which includes subjection to the transfer gains tax. Moreover, and not unimportantly, for many years petitioner claimed an income tax deduction for the operating expenses of the entire building, including depreciation when applicable; this lends further support to the Tribunal's rational conclusion that the "economic reality" of the transaction was not, as petitioner argues, within the scope of the residence exemption (*cf.*, 20 NYCRR 590.25 [d]). In sum, petitioner has not met its heavy burden of demonstrating that, on the fact pattern presented, the only reasonable interpretation of the residence exemption is that which it espouses (*see, Matter of Melomo v Tax Appeals Tribunal*, 195 AD2d 803, 805; *Matter of Howes v Tax Appeals Tribunal*, 159 AD2d 813, 814).

The record also furnishes ample basis for the Tribunal's finding that the sale of the 15th floor was properly aggregated with the prior transfers of the other condominiums to reach the $1 million threshold. The fact that the sale was made under an amendment of the original offering plan (*see*, 13 NYCRR 19.5 [a]), coupled with the plan's express contemplation of, and allowance for, the possibility of a later offering of the 15th floor, demonstrate that the sale was not a separate transaction and justifies its aggregation with others made under the plan (*see*, Tax Law former § 1440 [7], as amended by L 1984, ch 900, § 4; *Matter of Von-Mar Realty Co. v Tax Appeals Tribunal*, 191 AD2d 753, 755, *lv denied* 82 NY2d 655; *cf., Matter of Albe Realty Co. v Tax Appeals Tribunal*, 194 AD2d 838, 839, *lv denied* 82 NY2d 657).

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.