■ In the Matter of LANDMARK DINING SYSTEMS, INC., Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [637 NYS2d 524] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained an assessment of tax on gains derived from certain real property transfers imposed under Tax Law article 31-B.

In April 1985, petitioner executed a lease agreement relating to premises owned by Empire Hotel-Lincoln Center Associates (hereinafter Empire) on the first floor and basement levels of the Empire Hotel in New York City. Contemporaneously with the execution of the lease, petitioner signed a "Consulting Agreement" with Sheldon Blittner, a general partner in Empire and the individual who had negotiated the lease on Empire's behalf. Under the terms of the Consulting Agreement, petitioner agreed to pay Blittner $1,150,000 in exchange for which Blittner would be retained as a "Consultant to advise, counsel and make recommendations regarding the leasing and subleasing" of the property.

Petitioner sold its leasehold interest in 1991. Upon calculating the amount payable in real property gains tax (see, Tax Law § 1440 [7]; § 1441), petitioner endeavored to lessen the amount of its taxable gain by including the payment made pursuant to the Consulting Agreement as part of the price it had paid for the leasehold. Petitioner contended that this sum was, in reality, a "finder's fee" or "key money", the payment of

which had been an implicit prerequisite to Empire's agreeing to lease the property to petitioner, and thus the payment constituted part of petitioner's acquisition costs. Respondent Department of Taxation and Finance disagreed, finding that the $1,150,000 constituted an operating expense incurred by petitioner in the normal conduct of business rather than part of the cost of acquiring the lease.

A hearing before an Administrative Law Judge resulted in a determination that the $1,150,000 could not be included in the cost of petitioner's leasehold interest. This determination was affirmed by respondent Tax Appeals Tribunal. Petitioner then initiated this proceeding to review the determination. We confirm.

Under the parol evidence rule, evidence of a contemporaneous oral agreement may not be used to vary, contradict or supplement the terms of an unambiguous, integrated written instrument (see, Namad v Salomon Inc., 74 NY2d 751, 753; Braten v Bankers Trust Co., 60 NY2d 155, 162). Hence, petitioner's representations that it was understood that the payment made pursuant to the Consulting Agreement was, in fact, a "finder's fee" cannot alter the unambiguous terms of the written instruments at issue here. There was no provision in the Consulting Agreement that its execution was a prerequisite to petitioner's acquisition of the leasehold. Instead, it set forth a description of Blittner's duties in his capacity as petitioner's "consultant". There was also nothing in the lease to indicate that it would be ineffective if petitioner failed to execute the Consulting Agreement. On the contrary, the lease includes a provision stating that neither party was relying upon any representations made by the other apart from the written terms of the lease.

A taxpayer is bound by the form it invokes when structuring its transactions and may not later restructure them in order to avoid taxation (see, Matter of Lion Brewery v Tax Appeals Tribunal, 217 AD2d 811, 812-813; Matter of Transervice Lease Corp. v Tax Appeals Tribunal, 214 AD2d 775, 777). Having initially opted to characterize the payment made pursuant to the Consulting Agreement as an operating expense, petitioner may not now rechristen the payment as a cost of acquiring the lease (see, Hemsley v Pannick, 131 AD2d 940, 942).

Cardona, P. J., Mercure, Crew III and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.