■ In the Matter of JOSEPH WANAT, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [638 NYS2d 251] —Spain, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a real property transfer gains tax assessment imposed under Tax Law article 31-B.

In November 1989, petitioner contracted to sell certain real property located in the Town of Southold, Suffolk County, for the sum of $3,304,544.50. Pursuant to this agreement, petitioner was to receive payment from the purchaser by, *inter alia*, a 10-year note in the amount of $1,252,694.50 secured by a purchase money subordinate mortgage. After deducting brokerage fees and claimed allowable selling expenses, petitioner reported to the Department of Taxation and Finance a gain subject to tax of $3,164,644.50, and the amount of gains tax due was determined to be $316,464.45. On December 15, 1989, the property transfer duly occurred and petitioner timely paid the gains tax due. Subsequently, after petitioner made an unrelated and partially successful claim for refund of gains tax paid, petitioner submitted a second claim for a refund in September 1991, claiming a refund based upon the purchaser's default with respect to the subordinated purchase money mortgage. This second refund request was denied and the denial was ultimately sustained by respondent Tax Appeals Tribunal. This proceeding ensued.

We confirm. In our view, the Tribunal correctly concluded that the amount of transfer gains tax to be paid pursuant to Tax Law article 31-B is finally determined by the amount of consideration paid or owing on the date of the transfer of title (*see, Matter of South Suffolk Recreation Ventures v Tax Appeals Tribunal*, 224 AD2d 874 [decided herewith]). Tax Law

§ 1440 (3) defines gain on real property transfers as "the difference between the consideration for the transfer of real property and the original purchase price of such property, where the consideration exceeds the original purchase price". According to Tax Law § 1442, the date by which the gains tax must be paid is based upon the date of transfer. Accordingly, the Tribunal's interpretation that the Legislature intended the transfer of property of a certain value and gain to be a taxable event, with the tax to be measured by calculations of value upon the occurrence of that taxable transfer, is rational and entitled to substantial deference (*see, Matter of Howard v Wyman*, 28 NY2d 434, 438). Notably, this Court has previously endorsed the view that the value of consideration is fixed for purposes of calculating the gains tax at the time of transfer; subsequent events, even if they diminish the value of the property or change the value of the assets transferred, do not affect the gains tax owed (*see, Matter of Cheltoncort v Tax Appeals Tribunal*, 185 AD2d 49, 53).

Cardona, P. J., Mikoll, White and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.