■ In the Matter of SOUTH SUFFOLK RECREATION VENTURES, INC., Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [638 NYS2d 515] —Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a real property transfer gains tax assessment imposed under Tax Law article 31-B.

In January 1988, petitioner contracted to sell certain real property to RCP Properties, Inc. for consideration totaling $2,275,000. Part of the consideration included a $1,000,000 purchase money bond and mortgage held by petitioner. The property was transferred to RCP in August 1989, and petitioner paid a gains tax of $134,481.66 on a taxable gain of $1,344,816.55. Subsequently, on August 29, 1991, petitioner and RCP executed a memorandum of understanding and a modification agreement to the 1989 purchase money mortgage, each of which purported to reduce the 1989 selling price of the property by $500,000. Claiming that its gain had been reduced as a result of this renegotiated price, petitioner filed a claim for a refund of about $33,000 of the gains tax it had previously paid. The refund claim was denied by the Department of Taxation and Finance and the denial was ultimately sustained by respondent Tax Appeals Tribunal. This proceeding ensued.

We confirm. In our view, the Tribunal correctly concluded

that the amount of transfer gains tax to be paid pursuant to Tax Law article 31-B is finally determined by the amount of consideration paid or owing on the date of the transfer of title (*see, Matter of Wanat v Tax Appeals Tribunal*, 224 AD2d 873 [decided herewith]). Tax Law § 1440 (3) defines gain on real property transfers as "the difference between the consideration for the transfer of real property and the original purchase price of such property, where the consideration exceeds the original purchase price". Pursuant to Tax Law § 1442, the date by which the gains tax must be paid is based upon the date of transfer. Accordingly, the Tribunal's interpretation that the Legislature intended the transfer of property of a certain value and gain to be a taxable event, with the tax to be measured by calculations of value upon the occurrence of that taxable transfer, is rational and entitled to substantial deference (*see, Matter of Howard v Wyman*, 28 NY2d 434, 438). Notably, this Court has previously endorsed the view that the value of consideration is fixed for purposes of calculating the gains tax at the time of transfer; subsequent events, even if they diminish the value of the property or change the value of the assets transferred, do not affect the gains tax owed (*see, Matter of Cheltoncort v Tax Appeals Tribunal*, 185 AD2d 49, 53).

The remaining arguments raised by petitioner have been examined and found to be unpersuasive.

Cardona, P. J., Mikoll, White and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.