■ In the Matter of LEONARD SPODEK, Petitioner, v NEW YORK STATE COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [641 NYS2d 453] —Proceeding pursuant to CPLR 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which denied petitioner's application for, *inter alia,* revision of a determination of tax gains derived from certain real property transfers imposed under Tax Law article 31-B.

Petitioner commenced a similar proceeding which was ultimately dismissed by the Court of Appeals on the ground that he failed to effect proper service upon respondents (*see, Matter of Spodek v New York State Commr. of Taxation & Fin.*, 85 NY2d 760).

Initially, respondents contend that petitioner failed to commence the instant proceeding within the 15-day limit specified under CPLR 306-b (b). We disagree because in our view the 15-

day time limit set forth in CPLR 306-b (b) should be calculated from the date of the Court of Appeals decision rendered in June 1995, and thus this proceeding is not time barred.

Petitioner was the beneficial owner of five properties located in Brooklyn which were not contiguous or adjacent. Each parcel contained multiunit apartments and were to be sold to a single transferee, DOA Corporation. In conjunction therewith, transferor and transferee questionnaires, along with a contract of sale for each property, were submitted to the Department of Taxation and Finance. The contracts stated that the consideration for each parcel was $995,000, and the Department issued tentative assessments indicating that no real estate transfer gains tax was due on any of the five transactions. Subsequently, petitioner was advised that these tentative assessments were in error as a review by the Department determined that the purchase prices did not reflect the true value of these properties since the assessed values ranged from $242,000 to $525,000 and the rent rolls ranged from $120,000 to $250,000. By comparing the rent roll figures of the five parcels, the Department determined that the purchase price of three of the five of the properties exceeded $1 million. The Department arrived at this determination by dividing the rent roll for each property by the total rental roll. The resulting percentages were applied to the total purchase price for all properties ($4,975,000) to determine the consideration for each property. Thereafter, the Department issued a schedule of adjustments reflecting the reallocated purchase prices.

Only two of the five properties were eventually transferred by petitioner, 305 Ocean Avenue (hereinafter Ocean) and 180 East 18th Street (hereinafter 18th Street). No gains tax was asserted in connection with 18th Street since the Department determined that the consideration for this property was less than $1 million. Petitioner submitted a revised transferor questionnaire for Ocean reporting a consideration of $1,263,650 with a gains tax due of $58,877, and the Department assessed a gains tax in that amount. The gains tax was paid under protest, a claim for refund filed and, thereafter, a conference was held resulting in a conciliation order granting petitioner a partial refund.

Petitioner sought a full refund and a hearing was held before an Administrative Law Judge (hereinafter ALJ) where petitioner testified that as a psychological ploy he told the buyer the buildings were worth over $1 million, but he would settle for less to avoid paying a tax. The ALJ supported the determination by respondent Commissioner of Taxation and

Finance that the prices fixed for the five properties were for the purpose of avoiding the gains tax and not for an adequate business purpose, but concluded that the Commissioner did not have the authority to redetermine or reallocate the consideration.

On appeal, respondent Tax Appeals Tribunal agreed that the Commissioner properly determined the prices negotiated for the properties were for the purpose of avoiding the gains tax and had the authority under Tax Law § 1448 (1) to treat the Ocean transfer as taxable, but reversed the ALJ's determination as to the Commissioner's authority to reallocate the consideration paid, finding that he had the authority pursuant to Tax Law § 1444 (1).

Petitioner contends that the transfer of Ocean is exempt from the gains tax since the consideration paid for it was under $1 million and that the Department's use of the gross rental roll figures to reallocate the purchase price to determine the fair market value of the property was arbitrary and irrational. We disagree.

Under Tax Law article 31-B, there is a 10% tax on gains derived from transfers of real property within the State where the consideration exceeds $1 million. Tax Law § 1448 (1) provides that where the Commissioner finds that the transfer has been formulated so that the primary purpose is the avoidance of the gains tax rather than for an adequate business purpose, the Commissioner shall treat such transfer as subject to the gains tax. In addition, Tax Law § 1444 (1) authorizes the Commissioner, when a filed form is incorrect or insufficient, to determine the tax from whatever records are available, including assessed valuation or other appropriate factors.

The taxpayer has a heavy burden of proof to overcome tax assessments and to demonstrate entitlement to an exemption (see, *Matter of Grace v New York State Tax Commn.*, 37 NY2d 193, 195; *Matter of Howes v Tax Appeals Tribunal*, 159 AD2d 813, 814; *Matter of Cove Hollow Farm v State of New York Tax Commn.*, 146 AD2d 49, 53). Further, unless the determination of the Tribunal is erroneous, arbitrary or capricious, it must be confirmed (see, *Matter of 1230 Park Assocs. v Commissioner of Taxation & Fin. of State of N. Y.*, 170 AD2d 842, 844, *lv denied* 78 NY2d 859). Here, the record establishes that five apartment buildings located in different parts of Brooklyn, assessed at different amounts and containing disparate minimum rent rolls, were each transferred for a purchase price of $995,000. This fact pattern, coupled with petitioner's testimony, was sufficient to enable the Commissioner to find a scheme to avoid the pay-

ment of the gains tax and to reallocate the purchase price from the available records.

Therefore, we find that the determination of the Tribunal should be upheld.

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.