■ In the Matter of KALIKOW YAPHANK DEVELOPMENT CORPORATION, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [651 NYS2d 647] —Spain, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a real property gains tax assessment imposed under Tax Law article 31-B.

The facts are not in dispute. In 1986 petitioner, purchased approximately 241 acres of vacant land in the Town of Brookhaven, Suffolk County, for $2,138,875. Petitioner intended to develop it as a residential subdivision; it proceeded to spend considerable time and money, including fees for the services of attorneys, architects and engineers, to secure subdivision approval. However, petitioner's plans were thwarted when by letter dated September 19, 1990 it was advised by the Suffolk County Department of Real Estate that if a sale of the property to the County could not be negotiated, the County would commence condemnation proceedings.

The parties then executed a contract for the sale of the property to the County for $6,000,000. Thereafter, petitioner filed a transferor questionnaire estimating the real property transfer gains tax on the transaction to be $350,152.20, which differed from the subsequent assessment by the Division of Taxation (hereinafter the Division) of $380,000.20 due to the latter's disallowance of, *inter alia*, $298,480 spent on legal, architectural and engineering expenses incurred by petitioner in seeking subdivision approval which were listed by it as part of the original purchase price of the property. Petitioner paid the Division's assessment and then sought a refund, contending that these expenses were properly capitalized and that the Division acted unreasonably in disallowing them. Ultimately, respondent Tax Appeals Tribunal, following a hearing, denied petitioner's claim. Petitioner then initiated this proceeding to review that determination.

We confirm. In our view, the Tribunal correctly concluded that the subdivision approval expenditures incurred subsequent to the purchase of the raw land do not qualify as acquisition costs pursuant to Tax Law § 1440 (5) (a) (i). Tax Law article 31-B imposes a real property transfer gains tax of 10% upon

gains derived from the transfer of real property within this State (Tax Law § 1441). The term "gain" is defined as the difference between the consideration for the transfer of the real property and the original purchase price of said property (Tax Law § 1440 [3]). The " '[o]riginal purchase price' means the consideration paid or required to be paid by the transferor * * * to acquire the interest in real property" (Tax Law § 1440 [5] [a] [i]). We reject petitioner's assertion that subdivision approval was a component of the acquisition of the real estate. The plain language of the statute requires that the original purchase price include only expenses paid to create an ownership interest in real property (*see, Matter of Albe Realty Co. v Tax Appeals Tribunal,* 194 AD2d 838, 839-840, *lv denied* 82 NY2d 657); the costs petitioner is seeking to add to the original purchase price were incurred after the acquisition of the property.

Petitioner's contention that exclusion of these fees is unjust and unreasonable is unavailing. Notably, the expense incurred by petitioner in obtaining subdivision approval was a factor in arriving at the price paid by the County, a figure almost three times the sum paid by petitioner for the raw land. We find nothing irrational or unreasonable in the Tribunal's interpretation of Tax Law § 1440 (5) (a) (*see, Matter of Albe Realty Co. v Tax Appeals Tribunal, supra,* at 839-840; *Matter of Mattone v State of New York Dept. of Taxation & Fin.,* 144 AD2d 150, 151-152). Tax Law § 1440 (5) (a) does not provide legislative authorization for inclusion of subsequently incurred legal, engineering and architectural fees as part of the original purchase price.

Mikoll, J. P., White, Casey and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.