■ In the Matter of the Estate of DANIEL D. BROCKMAN, Deceased, et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [656 NYS2d 429] —Peters, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a real property transfer gains tax assessment imposed under Tax Law former article 31-B.[1]

Petitioners are one-quarter owners of a 378-acre tract of land in the Town of East Hampton, Suffolk County. Together with the remaining owners (hereinafter collectively referred to with petitioners as the sellers), an agreement was reached in

---

* Petitioner received 730 days in the special housing unit starting May 17, 1997 and 365 days' loss of good time.

1. The statute at issue here, the Real Property Transfer Gains Tax, codified in Tax Law article 31-B, was repealed effective July 13, 1996 (L 1996, ch 309, § 171), applicable to transfers occurring on or after June 15, 1996 (L 1996, ch 309, § 469 [6] [a]).

1990 with Buckskill Estates Inc. (hereinafter Buckskill) to sell the property for $9,500,000, of which petitioners' share would be $2,375,000. In connection therewith, a $1,000,000 down payment was made and a purchase money mortgage was held for the remaining $8,500,000. From the down payment, petitioners received $250,000, out of which they paid $25,000 in broker's commissions, $9,500 in transfer taxes and $15,500 in other fees and disbursements. Calculated at the time of the transfer, respondent Commissioner of Taxation and Finance assessed a gains tax to petitioners in the amount of $193,120 based upon their prospective share of the sales price.

Shortly after closing, Buckskill defaulted on the mortgage, thus prompting a foreclosure proceeding in Supreme Court which resulted in the return of the property to the sellers. Petitioners thereafter filed for a refund of the gains taxes paid,[2] contending that as a result of the foreclosure the transaction should be declared null and void. The Department of Taxation and Finance denied the request as had the Division of Tax Appeals. Further administrative review with respondent Tax Appeals Tribunal also proved unsuccessful. This proceeding was thereafter initiated seeking to challenge the Tribunal's determination, alleging that no gain was ever realized and that enforcement of the gains tax against petitioners would be violative of State and Federal equal protection laws.

Having repeatedly addressed the issue of whether events subsequent to the transfer of title can affect the amount of gains tax owed, we find the Tribunal to have correctly found that such events will have no effect upon the amount to be paid since the gain is calculated upon the consideration paid or owing on the date of the transfer of title (*see, e.g., Matter of Fazkap Assocs. v Commissioner of N. Y. State Dept. of Taxation & Fin.*, 232 AD2d 747, 748; *Matter of South Suffolk Recreation Ventures v Tax Appeals Tribunal*, 224 AD2d 874, 875, *lv denied* 88 NY2d 803; *Matter of Wanat v Tax Appeals Tribunal*, 224 AD2d 873, 874, *lv denied* 88 NY2d 803).

We further find that the imposition of the gains tax does not violate the Equal Protection Clauses of either the State or Federal Constitutions since it is "rationally related to achievement of a legitimate State purpose" (*Trump v Chu*, 65 NY2d 20, 25, *appeal dismissed* 474 US 915; *see, Matter of Union Carbide Chems. & Plastic Co. v Tax Appeals Tribunal*, 213 AD2d 807, 809, *appeal dismissed* 85 NY2d 1031, *lv denied* 86 NY2d 710). Noting that it remained petitioners' burden, upon

2. Petitioners paid a portion of the taxes assessed and elected to defer the balance.

their challenge to a presumptively constitutional statute, " 'to negative every conceivable basis which might support it' " (*Trump v Chu, supra,* at 25, quoting *Madden v Kentucky,* 309 US 83, 88), we find that petitioners failed in their proof. "Neither the Federal nor State Constitution requires that all taxpayers be treated identically, only that those similarly situated be treated uniformly" (*Matter of Union Carbide Chems. & Plastic Co. v Tax Appeals Tribunal, supra,* at 809). Since the subject tax is imposed, in all cases, on the gain computed at the time of the transfer, "we * * * find no merit to petitioner's contention that the gains tax was intended to apply only to net economic gain pursuant to the principles of *Trump v Chu*" (*id.,* at 809-810).

As to petitioners' contention that the sale and subsequent foreclosure should be considered a single, integrated transaction pursuant to the language of Tax Law former § 1440 (7), thereby showing only a $200,000 net economic gain which would not be subject to the gains tax, again we find no merit. The record supports no viable contention that the sale and subsequent foreclosure was part of the original structure of plaintiffs' transaction with Buckskill (*cf., Matter of Cove Hollow Farm v State of New York Tax Commn.,* 146 AD2d 49, 53). Hence, "[a] taxpayer is bound by the form it invokes when structuring its transactions and may not later restructure them in order to avoid taxation" (*Matter of Landmark Dining Sys. v Tax Appeals Tribunal,* 224 AD2d 785, 786; *see, Matter of Lion Brewery v Tax Appeals Tribunal,* 217 AD2d 811; *Matter of Transervice Lease Corp. v Tax Appeals Tribunal,* 214 AD2d 775).

Finding the Tribunal's interpretation neither erroneous, arbitrary nor capricious and petitioners' remaining contentions to be without merit, the determination is confirmed in its entirety.

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.