■ In the Matter of Sash A. Spencer et al., Petitioners, v Tax Appeals Tribunal of the State of New York et al., Respondents. [674 NYS2d 158] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a deficiency of personal income tax imposed under Tax Law article 22.

In 1989, petitioner Sash A. Spencer (hereinafter Spencer), a Florida resident, received a guaranteed payment of $1,349,832 for his interest in a New York partnership. Petitioners reported the payment as ordinary income on their 1989 Federal income tax return, but did not do so on their 1989 New York State "nonresident and part-year resident" income tax return. The State Department of Taxation and Finance determined that they should have and, in March 1993, issued a notice of deficiency to petitioners asserting a deficiency of personal income tax of $73,402.23 plus interest. Petitioners' challenge to the notice of deficiency was rebuffed in the administrative forum, prompting them to commence this CPLR article 78 proceeding.

Underlying this controversy is New York's policy of not requiring the gain a nonresident receives from a sale of an interest in a New York partnership to be included as New York source income while, on the other hand, treating guaranteed payments made pursuant to a liquidation of a partnership interest as source income and therefore taxable (Mem of Dept of Taxation & Fin, TSB-M-92[2]I, Aug. 20, 1992). Not unexpectedly, petitioners maintain that the subject payment represented

a sale of Spencer's partnership interest. The record does not support their argument as the partner share of income form filed in 1989 contains a statement that Spencer's partnership interest was liquidated under 26 USC § 736. In addition, on their Federal tax returns the partnership and petitioners treated the termination of Spencer's partnership interest as a liquidation since the partnership deducted the payment and petitioners reported it as ordinary income (*see, Spector v Commissioner of Internal Revenue*, 641 F2d 376, 380, *cert denied* 454 US 868; *see also*, 33 Am Jur 2d, Federal Taxation, §§ 2450-2452). Further confirmation of the nature of the transaction is derived from petitioners' brief wherein they candidly concede that Spencer's partnership interest was liquidated under 26 USC § 736.

Having structured the termination of Spencer's partnership interest as a liquidation, petitioners cannot now restructure it as a sale (*see, Matter of Brockman v Tax Appeals Tribunal*, 238 AD2d 693, 695; *Matter of Landmark Dining Sys. v Tax Appeals Tribunal*, 224 AD2d 785, 786). Accordingly, the determination by respondent Tax Appeals Tribunal that the subject transaction was a liquidation and that the guaranteed payment was New York source income subject to taxation has a rational basis. Therefore, the determination is confirmed and the petition dismissed.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.