In the Matter of OFFICEMAX NORTH AMERICA, Petitioner, v TAX APPEALS TRIBUNAL OF THE DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW YORK et al., Respondents. [825 NYS2d 544]—

Peters, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which, inter alia, sustained a sales and use tax assessment under Tax Law articles 28 and 29.

The Division of Taxation conducted a sales tax audit of petitioner between 1995 and 2000. In March 2000, the Division's

---

auditor, Evie Cosmas, issued a statement of proposed audit changes for sales and use tax which listed tax, penalties and interest due in the amount of approximately $4.5 million. Due to objections raised by petitioner, Cosmas sent a revised statement in April 2000, reflecting tax, penalties and interest in the amount of approximately $2.8 million. Although this statement was also challenged by petitioner, it did agree to pay the sales tax portion of the audit along with the minimum interest due. On May 19, 2000, petitioner signed a new statement of proposed audit change reflecting the agreed upon amount. This statement contained a paragraph stating that petitioner "may consider these findings final unless [petitioner] hear[s] from the Department [of Taxation and Finance] to the contrary within 60 days after receipt of this signed consent."

As petitioner fully expected, the Division issued three notices of determination thereafter. Although the first is not at issue, the second notice, dated June 2, 2000, assessed use tax, penalty and interest in the amount of $2.5 million. The third notice, dated June 12, 2000, assessed penalty and interest in excess of the statutory minimum with respect to the sales tax portion of the audit in the amount of $407,504.38. It is undisputed that all of these notices were sent to the wrong address.

In July 2000, petitioner's outside consultant, Alice Chiappellone, contacted Cosmas and informed her that she had not yet received the notices of determination as she had expected; Cosmas told her to check with petitioner's tax department or mail room. In August 2000, Chiappellone again contacted Cosmas to advise her that the notices were still not received; Cosmas then learned that they were sent to the wrong address. When petitioner finally received them and thereafter challenged them at conciliation conferences, only the June 12, 2000 penalty notice was sustained, despite it being received after the 60-day period. Both the Division and petitioner filed notices of exception and respondent Tax Appeals Tribunal affirmed the Administrative Law Judge's findings and denied both parties' exceptions. This CPLR article 78 proceeding was thereafter commenced pursuant to Tax Law § 2016.

It is now settled that the Tribunal's determination "will be confirmed, even if a different conclusion could possibly be reached, if it is 'rationally based . . . and supported by substantial evidence' " (*Matter of Rubin v Tax Appeals Trib. of State of N.Y.*, 29 AD3d 1089, 1090 [2006], quoting *Matter of Transervice Lease Corp. v Tax Appeals Trib. of State of N.Y.*, 214 AD2d 775, 777 [1995]). Here, the Tribunal was left to interpret the statement in the proposed audit change which advised

petitioner that it "may consider these findings final unless [petitioner] hear[s] from the Department to the contrary within 60 days after receipt of this signed consent." Despite the fact that the June 12, 2000 notice was received by petitioner after that 60-day limit, the Tribunal relied upon record evidence which indicated that petitioner clearly knew, through their oral communications, that the issue of penalties and interest was not final at the time that it executed the statement of proposed audit change. Testimony revealed that Cosmas also informed petitioner, within that period, that the notices were mailed and that the agreed upon amount was going to be affected by these notices. While petitioner contends that the Tribunal erred in relying upon oral communications, citing *Matter of Kayton Specialty Shop, Inc.* (1991 WL 10238, 1991 NY Tax LEXIS 11 [Jan. 17, 1991]), we find that case inopposite since here, the correct type of notice was sent to petitioner. Nor do we find reliance upon the oral communications violative of the parol evidence rule since it was not used to vary or contradict the terms of this agreement (*see Matter of Landmark Dining Sys. v Tax Appeals Trib. of State of N.Y.*, 224 AD2d 785, 786 [1996]). Instead, Cosmas's testimony was used to establish that petitioner heard from the Division that the statement of proposed audit change was not final.

Dismissing all of petitioner's further contentions, including the challenge to the credibility determinations made by the Tribunal in support of its determination since they are supported by substantial evidence (*see Matter of Statharos v Tax Appeals Trib. of State of N.Y.*, 306 AD2d 650, 652 [2003]; *see also Matter of Rubin v Tax Appeals Trib. of State of N.Y., supra* at 1092), we confirm.

Cardona, P.J., Mercure, Crew III and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.